WILLIAM COLERIDGE MOORE v. DELAWARE LIQUOR COMMISSION.

(*November* 29, 1950.)

RICHARDS, C. J., and WOLCOTT, J., sitting.

*Daniel J. Layton, Jr.,* for appellant.

*Daniel J. Layton, Sr.,* for appellee.

Court of General Sessions for Sussex County.

WOLCOTT, J., delivering the opinion of the Court:

On February 7, 1949, the appellant applied to the Commission for a license to sell alcoholic liquors for consumption on his restaurant premises. The establishment of the appellant, Pine Forest Tavern, is located at a point three miles east of Seaford on the Concord Road, Sussex County. The application for the license was in proper form, and notice of the application was published as required by the Liquor Control Act.

The Commission received a protest against the issuance of the license applied for dated January 24, 1949, signed by thirty-seven persons styling themselves "citizens of the Concord Community."

On January 27, 1950, the Commission held a hearing on the application of the appellant, at which time both the Commission and the appellant were represented by counsel and an opportunity was given in accordance with the law for the production of evidence and the examination of witnesses.

Following the hearing, the Commission made its decision denying the application for a license, filing its findings of fact and reason for the decision as required by law.

The facts, as they appear in the record, are briefly as follows: The appellant is a Negro resident of the Concord Community and operates a restaurant, holding at the present time a license for the sale of beer to be consumed on the premises. It further appears that the appellant desires the license for the sale of all alcoholic liquors on his restaurant premises, primarily for the convenience of Negro patrons, and that 99% of the present patrons of his place of business are Negroes.

The Community of Concord is a rural residential community and has a population predominantly Negro on a proportion of about three to one. Within a radius of five miles of the appellant's place of business, there is an adult Negro population of approximately six hundred. The patrons of the appellant's place of business are members of this community and, in addition, are drawn from a larger area of Sussex County.

Within a radius of five miles of the appellant's place of business, there are eleven establishments where alcoholic liquors may be purchased either at package stores or in taprooms for

consumption on the premises. In the Town of Seaford, three miles from the appellant's place of business, is a restaurant establishment run by one Gaddis, having a license for the sale of alcoholic liquors for consumption on the premises, and serving primarily the Negro population of the community. Estimates of the capacity of the Gaddis licensed restaurant vary from fifty to eighty patrons at one time. In addition to the Gaddis establishment, there are two other establishments in Sussex County licensed for the sale of alcoholic liquor for consumption on the premises, catering primarily to the Negro population. One of these is at Georgetown, thirteen miles from Concord, and the other is at Laurel, ten miles from Concord.

On these facts, the Commission refused the appellant's application for a license, stating its reason in the following language: "The decision of the Commission is based upon the facts as determined by it that having regard for the character of the neighborhood, the negro population and proximity of established places where the negro population may be served with alcoholic liquors both for consumption on and off the premises the granting of the license is not demanded by public convenience and necessity within the meaning of the law."

The Commission is not empowered to refuse arbitrarily to grant a license when all of the statutory requirements have been fulfilled. The Commission is empowered, however, to refuse to grant a license for certain statutory grounds found in Section 22 of the Liquor Control Act, Section 6151, R. C. 1935. In order for a license to be refused on one of the statutory grounds, the Commission must have a reasonable basis for believing that the statutory ground of refusal exists. *Lyons* v. *Delaware Liquor Commission*, 5 *Terry* 304, 58 *A.* 2d 889.

The Commission refused to issue a license in this case under the provisions of subsection (1) of Section 22 of the Liquor

Control Act, which reads as follows: "That there are sufficient licensed premises in the locality or that the granting of a license in the locality set out in the application is not demanded by public interest or convenience."

It is to be noted that the Commission has made a finding that the granting of the license sought would not convenience the Negro population because of the existence of other licensed places within the neighborhood. It does not appear in the record how many of the eleven licensed places within a radius of five miles of the appellant's establishment hold licenses for consumption on the premises in connection with a restaurant. It does, however, affirmatively appear that of the eleven, only one with a limited capacity, with such a license, caters to the Negro population. The fair inference from the record is that the remaining ten licensed establishments cater primarily to the white population.

It is argued in support of the Commission's ruling that the law does not distinguish on a color basis between citizens. This, of course, is the fact. However, this Court cannot ignore facts known to everyone. It is the fact that, generally speaking, the patronage of Negroes is not sought by restaurants catering primarily to the white population. Irrespective of what the Negro citizen's legal right may be to compel service in establishments catering primarily to the white population, the Negro population of any community is equally entitled under the law to convenience in purchasing and consuming alcoholic beverages. This convenience certainly includes the opportunity of consuming alcoholic liquors with meals in establishments catering primarily to the Negro population. The proximity of licensed establishments catering primarily to white patrons does not necessarily satisfy the interest and convenience of the Negro population of the community.

Under the circumstances, therefore, we find that the refusal to grant the license applied for was not justified by any of

the statutory grounds for refusal found in Section 22 of the Liquor Control Act. The decision of the Commission is reversed.