## Carrick, et al. v. Garth, et al.

(Decided June 16, 1914.)

Appeal from Scott Circuit Court.

Highways—Establishment, Alteration and Discontinuance—Appeal—Parties.—Any person may appear and resist the application for the alteration of a public road; by so doing he makes himself a party, and is entitled to the right of appeal from the order therein entered by the county court.

JAS. F. ASKEW, B. M. LEE for appellant.

BRADLEY & BRADLEY and JAMES BRADLEY for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

Appellees, Garth and others, instituted in the Scott County Court a proceeding seeking the alteration of a portion of the county road known as the Lemon's Mill Pike, the change sought to be made being the closing of a portion of the road so as to abolish a grade crossing over the track of the C. N. O. & T. P. Railroad, and the opening of a new road in lieu of the portion discontinued, at a point where the crossing over the railroad track could be made by an overhead bridge.

Appellant, Carrick, owns land along the Lemon's Mill Pike abutting that portion of the pike sought to be vacated; and he and other remonstrants appeared in the county court and filed exceptions to the report of the

commissioners, which report was in favor of the proposed alteration.

The county court overruled the exceptions, and ordered the alteration made. The remonstrants appealed to the circuit court. There a motion was made by the petitioners to dismiss the appeal upon the ground that the remonstrants had no right to prosecute an appeal from the order of the county court. The circuit court sustained this motion and dismissed the appeal; and of that ruling Carrick and the other remonstrants complain upon this appeal.

Section 4303, Kentucky Statutes, provides that in cases of this character the party aggrieved may prosecute an appeal within sixty days by executing bond as required in other cases, to the circuit court of the county, and that there the appeal shall be tried *de novo*.

But appellees contend that by the words "party aggrieved" the statute does not include any person who may deem himself aggrieved by the change ordered to be made, but only the owners of property taken or injured by the opening of the new part of the road.

The word "party" as defined in section 732, sub-section 35 of the Civil Code, means a plaintiff or defendant in an action, and embraces any person who has a right to become and seeks to be made a party to an action.

In Commonwealth v. Kimberlin, 8 Bush, 444, it was held that any private citizen who will be affected by a proposed alteration in a public road may make himself a party to the proceeding, and if aggrieved by the final order of the county court, he may prosecute an appeal to the circuit court. In that case, the parties directly interested, those over whose land the road was to run, consented to the alteration, and the appeal was prosecuted for the general public by the county attorney.

In Mitchell v. Bond, 11 Bush, 614, it was said that the object of the notice required by the statute is to give notice to the public at large, and to enable any citizen who may wish to do so, to appear and resist the making of the order applied for.

In Bond v. Mullins, 3 Met., 282, Mullins applied for an order permitting the erection of gates across a public road. Bond appeared and filed exceptions to the report of the commissioners, which report was favorable to the application. The county court overruled the exceptions and rendered judgment allowing the erection of the gates

in accordance with the prayer of the application. Bond appealed to the circuit court, and that court dismissed his appeal. He then appealed to this court. The court said:

"Bond or any other individual had a right to resist the application; and having done so, upon the record he became a party to the proceeding and had a right under the statute to prosecute an appeal."

The case of Cole v. Shanon, 1 J. J. M., 218, is relied upon by appellees as denying the right of any one except a person over whose property the new road passes, to appeal from the order of the county court making the alteration.

That case was decided in 1829. The law then in effect was section 13 of the Act of 1796 establishing a court of appeals (Morehead & Brown, p. 130), and authorizing writs of error from the county court direct to the Court of Appeals in proceedings of this kind.

The court held in that case that the ownership of land through which a public road passes gives to such owner no exclusive or peculiar right in the road, that the interest of such owner in a proceeding brought for the purpose of discontinuing such road was not such as to authorize him to become a party to the action; and that, as he could not make himself a party to the action, he of course could not prosecute a writ of error. Under the common law, no person could prosecute a writ of error unless he was a party to the action and injured or prejudiced by the judgment complained of. Tey's Case, 5 Co., 39.

The court expressly admitted, however, that if one is authorized to become a party to the proceeding, he may appeal from the order made therein, saying:

"Nor have we any doubt that if the appellants had any right to make themselves parties to the record, they might appeal as well as prosecute a writ of error."

Immediately after this decision of the Court of Appeals, seemingly to relieve the conditions suggested by that decision, the Legislature by the Act of January 29, 1830, gave to any person aggrieved by the order of the county court in this character of cases, the right to prosecute an appeal to the circuit court.

Section 40 of the Chapter on Roads and Passways, 2 Revised Statutes, 294, provided that in such cases, the party aggrieved might prosecute a writ of error to the

circuit court within one year; and while the law was in that condition, the cases of Bond v. Mullins, Commonwealth v. Kimberlin, and Mitchell v. Bond were decided; and as has been seen, in each of those cases, it was held that any person could appear and make himself a party and thereby acquire the right to appeal from the order of the county court.

This provision giving to the party aggrieved the right to appeal from the order of the county court in substantially the same form has been carried down and now appears in section 4303, Kentucky Statutes.

Section 16 of the Act of March 18, 1912, requires that when the alteration of a public road is proposed, notice thereof shall be advertised by publication in a newspaper, or by hand-bills if there be no newspaper published in the county.

And in Chenault v. Collins, 155 Ky., 312, 159 S. W., 834, the court said:

"There are cogent reasons why public notice of an alteration in a public highway like this should be given, for otherwise the traveling public who may be vitally interested in the highway would have no notice of the proceeding and be unable to protect themselves. As the public notice is required as the basis of the proceeding, it is jurisdictional; the court is without power to proceed until the notice is given." To same effect, see Mitchell v. Bond, *supra.*

It would be inconsistent and useless to require the giving of notice of a proposed alteration, as a jurisdictional fact, and at the same time to deny to those of the public who appear and desire to resist such proceedings the right to be heard and to appeal to such courts as have jurisdiction of the controversy.

We are, therefore, of the opinion that any person may appear, and upon motion be made a party to the proceeding, and may resist the application for the alteration of a public road; and that such person may appeal to the circuit court from the order entered by the county court.

The circuit court, therefore, erred in dismissing the appeal of the remonstrants, for which reason the judgment is reversed for proceedings consistent with this opinion.