## Carrick, et al. v. Garth, et al.

(Decided November 10, 1915.)

Appeal from Scott Circuit Court.

1. Appeal and Error—Application for Alteration of Public Road—Appeal From County to Circuit Court—On Appeal Trial De Novo.—

Where on a petition for the alteration of a public road, an appeal was prosecuted by the defendants to the circuit court from the judgment of the county court making the alteration, and on a trial de novo in the circuit court every issue of fact raised by the defendants' exceptions, filed in the county court to the report of the commissioners, was, under proper instructions, submitted to and determined by a jury in accordance with the weight of the evidence, the defendants are estopped to complain that the exceptions were not disposed of seriatim by the judgment of the circuit court.

2. Highways—Appeal—Amendment of Commissioners' Report—Properly Allowed by Circuit Court.—As on the appeal there was a trial de novo of the case, it was not error for the circuit court to allow the correction of a patent clerical error in the report filed by the commissioners in the county court.

3. Appeal and Error—Demurrer for Defect of Parties—Making of New Party—When Not Error.—Where, following the filing of a special demurrer by the defendants for a defect of parties, an order was entered by the circuit court making a railroad company a party to the proceedings for the alteration of the road, such ruling, as the railroad company was a necessary party, was not error. In any event, the defendants, on account of whose demurrer for defect of parties and upon whose insistence it was made a party, are estopped to complain that it was made so.

4. Highways—Fencing of Part of Road Discontinued—Not Improper. —It was not error for the judgment of the circuit court to direct the erection of fencing across the discontinued part of the public road at the side of the railroad. Having properly made the alteration in the road, the fencing was necessary to prevent the use of the former railroad crossing, force travel to the road as altered, and protect the abandoned portion of the highway from being used by the public. Besides, such fencing was specifically asked in the petition for the closing of the road and alteration made.

JAMES F. ASKEW and B. M. LEE for appellants.

T. L. EDELEN, JAMES BRADLEY and BRADLEY & BRADLEY for appellees.

OPINION OF THE COURT BY JUDGE SETTLE.—Affirming.

This is the second appeal in this case. We quote from the opinion on the first appeal (Carrick, etc. v. Garth, etc., 159 Ky., 505), such of the facts as give the history of the case down to its return to the circuit court after the reversal of the judgment by this court, which resulted solely from the erroneous ruling of the circuit court in dismissing the appeal taken to that court by the appellants from the judgment of the county court:

"Appellees, Garth and others, instituted in the Scott County court a proceeding seeking the alteration of a portion of the county road known as the Lemon's Mill Pike, the change sought to be made being the closing of a portion of the road so as to abolish a grade crossing over the track of the C. N. O. & T. P. Railroad, and the opening of a new road in lieu of the portion discontinued, at a point where the crossing over the railroad track could be made by an overhead bridge. Appellant, Carrick, owns land along the Lemon's Mill Pike abutting that portion of the pike sought to be vacated; and he and other remonstrants appeared in the county court and filed exceptions to the report of the commissioners, which report was in favor of the proposed alteration. The county court overruled the exceptions, and ordered the alteration made. The remonstrants appealed to the circuit court. There a motion was made by the petitioners to dismiss the appeal upon the ground that the remonstrants had no right to prosecute an appeal from the order of the county court. The circuit court sustained this motion and dismissed the appeal; and of that ruling Carrick and the other remonstrants complain upon this appeal.   *   *   *

"We are, therefore, of the opinion that any person may appear, and upon motion be made a party to the proceeding, and may resist the application for the alteration of a public road; and that such person may appeal to the circuit court from the order entered by the county court."

Upon the trial in the circuit court, following the filing therein of the mandate of this court, to the jury were submitted the identical issues presented by the exceptions filed by appellants to the report of the commissioners in the county court, which report seems to have conformed to the requirements of the statute in its showing as to the necessity for and practicability of the making of the proposed alteration in the road. The verdict of the jury was as follows:

"We, the jury, recommend that the crossing, as it now is, be discontinued; and further recommend the change proposed and described in the petition filed in this case by the petitioners, calling for the overhead bridge."

The findings expressed in the verdict, though not in the same form or as elaborate in detail, accord with

those of the commissioners. No objection seems to be urged to the form of the verdict, and it was made the basis for the judgment of the circuit court, which approved and established the alteration in the road and the construction of the overhead bridge over the railroad, as recommended by it. The present appeal is from that judgment.

The grounds urged by appellants for a new trial are numerous, but we will consider only such of them as we regard material. The first ground is that the circuit court erred in overruling appellants' special demurrer to the petition. The demurrer was for alleged defect of parties, in that the Cincinnati, New Orleans & Texas Pacific Railroad Company was not made a party to the proceeding. Notwithstanding their special demurrer, when the railroad company was later made a party to the proceeding on its own motion, the order was objected to by the appellants. The railroad company was a necessary party to the proceeding, and its being made a party caused no change in the issues involved, nor in the status of the other parties in interest. If, however, it could properly be said it was error to make it a party, appellants, after objecting by special demurrer because it was not a party, are estopped to complain that it was made so.

It is also insisted for appellants that the circuit court ignored the report of the commissioners and their exceptions thereto, and tried the case as if it were an action ordinary originating in that court; and this is assigned as error. The contention is without merit. It is true the exceptions to the commissoners' report were not taken up and disposed of *seriatim,* but this was not necessary, as every material issue of fact they raised was submitted to and determined by the jury under the court's instructions, and such questions of law as they raised were properly determined by the court. Section 4303, Kentucky Statutes, provides that upon an appeal of such a case from the county court to the circuit court, it shall be tried in the latter court *de novo,* and such method of trial seems to have been required by the opinion on the former appeal. If there had not been a trial *de novo,* it would have been only necessary for the circuit court to determine whether the order made by the county court, establishing the alteration in the road, was warranted by the commissioners' report. Mani-

festly, the hearing *de novo* did not prejudice the rights of the appellants. They insisted upon a *de novo* hearing, which the court accorded, permitting them to introduce all the evidence bearing upon the question, whether the proposed alteration in the road was feasible and desirable. It is patent, therefore, that the issues raised by appellants' exceptions to the commissioners' report were not ignored, but tried and determined. If the act of 1912 was applicable, there was no right of appeal to the circuit court. On the other hand, if the present statute were in force, the appeal was triable in the circuit court *de novo*. The opinion on the first appeal by necessary implication held that the present statute was applicable, and directed that the appeal stood for trial *de novo* in the circuit court.

Appellants' complaint of the amendment of a clerical error in the report of the commissioners after the case reached the circuit court is without merit. The error was patent and the amendment should have been made, indeed, was proper, in view of the right of the parties to a trial *de novo* in the circuit court. Appellants' complaint of the refusal of the peremptory instruction asked by them is untenable, as the weight of the evidence upon every issue was in favor of the petitioners. The objections to the instructions are likewise untenable. They fairly and properly submitted to the jury every material issue of fact necessary to a correct decision of the case.

So much of the judgment complained of as required the erection of fencing across the turnpike at the side of the railroad, is not open to the objection urged to it by appellants. The matter to be determined was whether the alteration in the road was necessary and proper. The fencing was an incidental matter, which prevented the use of the railroad crossing, forced travel to the road as altered, and protected the abandoned portion of the highway from being used by the public. Besides, such fencing was specifically asked in the application for the closing of the road.

It is apparent from the record before us that appellants asked for a hearing in the circuit court before a jury and it was given them. They were permitted to plead and deny the material averments of the petition for the alteration. Proof was heard as to all issues presented by the pleadings, whereby the questions of convenience and inconvenience, and of safety or

danger from the closing of the old road and the establish-
ment of the alteration, were fully elucidated; from all
of which it appears that the alteration made is for the
best interests of the citizens of Scott County; in view of
which we are unable to see that any injustice was done
the appellants. The jury found against them and their
verdict is supported by the weight of the evidence, and
as the trial court committed no error in its rulings that
can be said to be prejudicial to any of appellants' rights,
the judgment is affirmed.