## DUNCAN et al. v. LOUISVILLE & JEFFERSON COUNTY PLANNING & ZONING COMMISSION et al.

Court of Appeals of Kentucky.
March 23, 1951.

Charles I. Dawson, Thomas S. Dawson, Bullitt, Dawson & Tarrant, Louisville, for appellants..

Lawrence G. Duncan, Louisville, for appellees.

STEWART, Justice.'

This case originated before the Louisville and Jefferson County Planning and Zoning Commission where appellants, Stuart E. Duncan and Arthur K. Whitelaw, sought to rezone a 70-acre tract of land on the east side of Zorn Avenue, approximately 320 feet south of Mellwood Avenue, lying in Jefferson county to the east of the city of Louisville, from an "A–1 Family Residence District" to a ."B–3 Multi-Family Residence District." The property, now zoned for single family residences, would permit apartment houses to be constructed thereon, if rezoned. Appellants'. application was denied by the Commission at a meeting held on April 28, 1949, and an appeal from this adverse ruling was prosecuted to the Jefferson circuit court.

A Statement of Appeal was filed with the clerk of. the Jefferson circuit court on May 26, 1949, pursuant to KRS 100.057. The appellants named in the Statement as parties defendant below the Louisville and Jefferson County Planning and Zoning Commission and each individual member of the Commission. Service was issued directed to each member thereof, but was executed as to each of the latter by delivery on June 1, 1949, only to Mr. Lawrence Duncan, then counsel for the Commission. On October 7, 1949, the Commission demurred specially to the Statement, claiming a defect of parties in that 20 individuals, whose names were given in

the plea, entered their appearance, either in person or by attorney, at the hearing before the Commission as objectors to the adjustment sought by appellants, as shown by the minutes of the Commission, and that these objectors were necessary parties of record in the appeal of this cause to the circuit court. On October 13, 1949, the law firm of Ogden, Galphin and Abell, and Mr. Percy Brown, Jr., the attorneys who represented the 20 objectors at the meeting of the Commission, were served with a notice of the Statement of Appeal. On October 14, 1949, seventeen of the objectors were served personally with a notice of the proceeding in circuit court, and Mr. Percy Brown, Jr., was served with a notice thereof as attorney for William M. Reed, Mary B. Morgan and George Rapp, the remaining three objectors. On January 20, 1950, these two notices, and the return on each, were filed nunc pro tunc as of October 20, 1949, in the lower court. The special demurrer was thereafter sustained, and appellants' Statement was dismissed on January 24, 1950. Appellants' appeal is from the order of circuit court just described.

KRS 100.057 provides the following procedure for appealing to courts from decisions of the Commission on questions of zoning or rezoning adjustments, and we quote the part applicable to this controversy:

"Any person, firm, corporation, organization, public official or governmental agency or department, being a party of record at such hearing, claiming to be injuriously affected or aggrieved by any action or decision by the commission, may appeal from such action or decision to the circuit court of such county, and jurisdiction is hereby given to such circuit court to hear and determine all questions and issues properly brought before it on such appeal. * * * Such appeals shall be taken within thirty days after notice of such action or decision has been given, as herein provided, by filing in the office of the clerk of the circuit court of such county a statement of appeal, setting forth the action or decision of the commission appealed from, the date thereof, the reasons for said appeal, and attaching thereto as a part thereof a certified copy of such action or decision, and asking that an order to show cause be issued against and served upon the commission. * * *

" * * * Upon filing an appeal, notice thereof must be immediately given to the commission and to all parties of record, by actual notice served or by service of summons. * * *"

Appellants first insist that the 20 neighborhood property owners who appeared at the hearing before the Commission and objected to the rezoning application of appellants were not "parties of record" to the extent that they should have been served with notice of the appeal to circuit court.

We cannot subscribe to the narrow construction sought to be placed by appellants upon the section of law just quoted, because it expressly states that, upon the filing of the appeal in question, notice shall be given not only to the Commission, but "to all parties of record". We might go one step further and assert that the language of the section describes "a party of record" as one who claims "to be injuriously affected or aggrieved by any action or decision by the commission."

This Court has held that, where a road is sought to be relocated only by those living upon it, a "party aggrieved" need not be the owner of property taken or injured by the opening of the new part of the road, in order to become a party to the action, but " * * * that any private citizen who will be affected by a proposed alteration in a public road may make himself a party to the proceeding, and, if aggrieved by the final order of the county court, he may prosecute an appeal to the circuit court." See Carrick v. Garth, 159 Ky. 505, 167 S.W. 687.

We also held in Polk v. Axton, 306 Ky. 498, 208 S.W.2d 497, 499, that Axton and others, owners of property in the neighborhood, could enjoin the enforcement of an amendatory zoning ordinance enacted for the benefit of the owner of a single lot, saying: " * * * the appellees have an interest in the continuance as a 2-family district of the zoned territory in which they reside and in the enforcement of the

zoning restrictions. They are entitled to the benefits to be derived from the observance of the zoning regulations, and are proper parties in an action to prevent, by injunction, the impairment or destruction of those benefits by the violation of the regulations by another."

The 20 persons who had their names entered of record at the Commission hearing as objectors to the application of appellants to rezone the tract in question became the real adversaries of appellants. The fact that they were neighboring property owners, coupled with the entry of their appearance at the hearing before the Commission, unquestionably constituted them "parties of record" to the appeal below.

We now consider the second contention of appellants, namely, that they complied substantially with the law in their effort to perfect their appeal to circuit court. In this connection, we must interpret that portion of KRS 100.057 which provides as follows: "Upon filing an appeal, notice thereof must be immediately given to the commission and to all parties of record, by actual notice served or by service of summons."

The question now arises: Were the "parties of record", the 20 objectors, served "immediately" with notice within the meaning of this statute?

This Court has construed the word "immediately" as it occurs in a Kentucky statute. In Wolflin-Luhring Lumber Co. v. Mosely et ux., 152 Ky. 701, 154 S.W. 22, 24, a statute provided that one expecting to assert a mechanic's lien against property should notify in writing the property owner, or his authorized agent, of his intention to claim such a lien, "immediately" after the last item of material or labor is furnished, of his intention to hold said property liable. A notice given eight days after the last item of material was furnished was not given "immediately" within the meaning of the above statute. In this opinion this Court defined "immediately" as follows: "The word 'immediately' is used in the statute in question with reference to time. Ordinarily it is defined as 'instantaneously,' 'instanter,' 'instantly,' 'forthwith,' 'without the intervention of time,' 'without the lapse of any appreciable time.' However, it is not a word of very precise signification, and is rarely employed to designate an exact portion of time. Thus, it is often construed to mean 'within a reasonable time.' "

42 C.J.S., page 392, sets forth an analysis of the meaning of "immediately" as it relates to time, which fits precisely the above definition of the word given in the Wolflin-Luhring Lumber Company case.

Appellants argue that a highly technical interpretation should not be adopted by this Court in construing the word "immediately". It cannot be said that the cases in this forum that have defined the legal import of this word have resorted to such a course. "Immediately" in the statute under consideration required nothing less than due diligence upon the part of appellants to cause all of the objectors to be served with notice with reasonable promptness.

Appellants delayed four months and seventeen days from the date of filing an appeal, required by law to be perfected within 30 days from the decision of the Commission, before causing notice to be served upon the objectors, three of whom were never actually served, in order to make them "parties of record" in the circuit court. Under these circumstances, we think, and we so hold, that the notice in question was not given "immediately" according to the intent and purpose of KRS 100.057.

We deem it unnecessary in this opinion to pass upon the validity of the service of summons upon the Commission and its members.

The judgment is affirmed.