346

**TAFEL et al. v. HIGHLAND CHEVRO-LET CO., Inc.**

Court of Appeals of Kentucky.

March 21, 1952.

Rehearing Denied May 16, 1952.

Samuel B. Kirby, Jr., Louisville, for appellants.

Morris & Garlove, Louisville, for appellee.

STEWART, Justice.

This is an appeal by the Louisville & Jefferson County Board of Zoning Adjustment and Appeals, hereinafter referred to as the "Board", from a judgment holding that the action of the Board was arbitrary and unreasonable in refusing to grant appellee, Highland Chevrolet Company, a permit to open a doorway in and driveway from a new addition to its building onto Woodbourne Avenue in the City of Louisville.

The Board appeals, relying upon the following grounds for reversal: (1) the circuit court did not have jurisdiction of the appeal taken to it because of defect of parties; and (2) the action of the Board was not arbitrary and unreasonable and should have been sustained.

Appellee filed its statement of appeal in the Jefferson Circuit Court, naming as parties defendant the members, secretary, enforcement officer and chief inspector of the Board. Eighteen objectors who had appeared at the hearing and had entered their names as parties of record in protest against the application for a variance were not served with notice of the appeal.

The procedure on an appeal from the Board to circuit court is set forth by KRS 100.085 as follows: "Any party or parties of record, jointly or severally, claiming to be injured or aggrieved by any decision, order or ruling of said board, may appeal from such decision, order or ruling to the circuit court of such county, * * *. Such appeals shall be taken to said circuit court within thirty days after notice of such decision, order or ruling has been given as required, by giving notice of the appeal to said board and all other parties of record, * * *."

This case cannot be distinguished in principle from Duncan v. Louisville & Jefferson County Planning & Zoning Comm., Ky., 238 S.W.2d 127. In the Duncan case the appeal to the circuit court was from a decision of the Zoning Commission and was controlled by KRS 100.057. Here the appeal to the lower court was from the Board and the above quoted section, as we have stated, governs. The language of the

two sections relating to appeals is practically identical; each requires that the parties of record be served with notice. The Duncan case fully discusses the question before us and we deem it unnecessary to repeat here what was written there. On the authority of the last mentioned decision, the special demurrer should have been sustained.

It becomes unnecessary to consider the second ground. However, we have read the entire record and we feel we should express our view that under the evidence the trial court reached the correct conclusion on this ground.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.