**L. LE ROY HIGHBAUGH, JR., BUILDER, INC., Appellant,**

v.

**LOUISVILLE & JEFFERSON COUNTY PLANNING & ZONING BOARD OF ADJUSTMENT & APPEALS et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 10, 1956.

L. LeRoy Highbaugh, Louisville, for appellant.

James L. Taylor, Louisville, for appellees.

STANLEY, Commissioner.

The Louisville and Jefferson County Planning and Zoning Board of Adjustment and Appeals denied the application of L. LeRoy Highbaugh, Jr., Builder, Inc. for a variation from the requirements of a zoning regulation in order that it might use, temporarily, certain land for storing and processing building materials in connection with the development of an adjoining subdivision. The Board entered an order on September 8, 1954, denying the application in part and another order on September 22 denying all of it. On September 29 Highbaugh filed a suit in equity for a mandatory injunction against the Board requiring it to make the variation. On November 4 the court ruled that injunctive relief was not available and transferred the action to the common pleas branch of the court to determine whether relief could be granted by way of an appeal under KRS 100.085. On November 17 plaintiff filed an amended and supplemental complaint which undertook to plead an appeal from the order of the Board. The court dismissed the complaint for want of jurisdiction. The present appeal from that judgment follows.

KRS 100.085 provides for an appeal from an order or decision of the Board to the circuit court "within thirty days after notice of such decision, order or ruling" has been made. Instead of filing an appeal

within that period, Highbaugh sought a character of relief that could not be granted since the law provides the adequate remedy of an appeal. The amended pleading came nearly two months after the Board had made its order and the plaintiff had received notice thereof. We have several times held that unless an appeal from an order of the zoning commission, KRS 100.057, or the Board of Adjustment and Appeals, KRS 100.085, has been taken within the time stipulated, the court has no jurisdiction. Duncan v. Louisville & Jefferson County Planning & Zoning Commission, Ky., 238 S.W.2d 127; Hennessy v. Bischoff, Ky., 240 S.W.2d 71; Tafel v. Highland Chevrolet Co., Inc., Ky., 248 S.W.2d 346; Bischoff v. Hennessy, Ky., 251 S.W.2d 582.

Filing of the complaint seeking an injunction and notice or summons being served on the Board cannot be regarded as perfecting the appeal prescribed by the statute. The character or subject matter of the action was not such as authorized injunctive relief under the terms of KRS 100.086. Cf. Goodwin v. City of Louisville, 309 Ky. 11, 215 S.W.2d 557. We must hold, therefore, that the running of time for taking the appeal for review was not suspended by the aggrieved party having elected to pursue a different remedy and one to which it was not entitled.

We think, therefore, the court properly dismissed the complaint and amendment by which an appeal was attempted.

The judgment is affirmed.