Robert D. RAY et al., Appellants,

v.

T. D. LUCKETT et al., Appellees.

Court of Appeals of Kentucky.

March 4, 1960.

J. W. Jones, Louisville, for appellants.

James L. Taylor, Boehl, Stopher, Graves & Deindoerfer, E. R. Johnson, Phillip Ardery, Louisville, for appellees.

CULLEN, Commissioner.

On application of the owner of a tract of land in Lyndon, Kentucky, and over the protest of a large number of property owners in the vicinity, the Louisville and Jefferson County Planning and Zoning Commission rezoned the tract from residential to commercial. The protestants appealed to the circuit court. Judgment was entered dismissing the appeal, on the ground that notice of the appeal had not been given immediately to all "parties of record," as required by KRS 100.057(2). The protestants have appealed to this Court.

At the public hearing before the planning and zoning commission, the majority of the protestants filed a written petition of protest, and appeared by attorney. A few protestants appeared individually and testified. The applicant for the zoning change was represented by his attorney, who presented arguments in favor of the change. The attorney for a prospective purchaser of the property explained the use his company proposed to make of the property. A real estate man named Stewart was presented as a witness by the attorney for the applicant. In addition, the minutes of the hearing show that a man named Pollett made this statement:

> "I have looked at their place down on Story Avenue and I think this would be a good thing for Lyndon and I think they will put up a nice building

and we could get something a lot worse than this."

and a man named McCarthy said:

"I have no objection—this land is not fit to build houses on."

The appeal to the circuit court was taken by the group of protestants who had signed the original petition of protest. They gave immediate notice to the planning and zoning commission, to the owner of the rezoned tract, and to representatives of the Lyndon Merchants' Association who had appeared in opposition to the rezoning at the hearing. No notice was given, at the time of taking the appeal, to Pollett or McCarthy. The motion to dismiss the appeal was made, and sustained, on the ground of failure to give notice to Pollett and McCarthy. The question before us is whether these people were "parties of record" within the meaning of KRS 100.057(2).

We think it is obvious that the appeal statute contemplates that the "parties" to be given notice are those persons whose appearance has been of such character or nature as to indicate their desire to be recognized as active advocates or adversaries, sufficiently interested and affected to be considered in concert with those on one or the other side of the controversy. As concerns *protestants*, ordinarily there will be little room for doubt as to the character in which they appear, and probably any doubts should be resolved in favor of considering them to be parties, because the protestants are the real adversaries of the applicant for the zoning change, and it is desirable to give full opportunity for both sides of the issue to be presented. See Duncan v. Louisville & Jefferson County Planning and Zoning Commission, Ky., 238 S.W.2d 127. But in the case of persons, other than the applicant or applicants, who speak at the hearing in *favor* of the zoning change, there is less reason for resolving doubts in favor of their being parties, because ordinarily there will be full representation of that side of the issue by the applicant or applicants. It would seem reasonable to require, as to such persons, that there be something to indicate that their presence at the hearing was in a capacity of greater participation than that of a mere nonobjector or moral supporter.

We find nothing in the record of the hearing to indicate that Pollett and McCarthy were present for any purpose other than to voice their lack of objection to the zoning change. McCarthy's statement was simply, "I have no objection." Pollett's statement, while a little more positive, amounted only to an expression of moral support, and did not place him in the category of an advocate. In fact, when the attorney for the applicant made his introductory remarks, he referred to Pollett as being a nearby landowner who "will make a statement that he has no objection to this change."

It is our opinion that Pollett and McCarthy were not "parties of record" within the meaning of the statute and were not required to be given notice of the appeal. The circuit court therefore erred in dismissing the appeal.

It is argued by the appellees that because the appellants, after the motion to dismiss the appeal had been made, moved to amend their statement of appeal so as to make Pollett and McCarthy parties, and stated in their motion that Pollett and McCarthy were "parties of record" at the hearing, the appellants are somehow precluded from maintaining now that these two men were not parties at the hearing. This would have to be on a theory of estoppel or judicial admission, the essential elements of which are not present here. We find no basis for holding that the appellants should be precluded.

The judgment is reversed, with directions that the appeal to the circuit court be entertained.