**LEXINGTON–FAYETTE COUNTY PLAN-NING AND ZONING COMMISSION et al., Appellants,**

v.

**John LEVAS, Appellee.**

Court of Appeals of Kentucky.

April 20, 1973.

As Modified on Rehearing June 15, 1973.

Ben M. Combs, Eblen, Howard & Milner, Lexington, for appellants.

Robin Griffin, Miller, Griffin & Marks, Lexington, for appellee.

STEINFELD, Justice.

Lot #3 of the Rogers Motel Site subdivision was leased to appellant Frisch's Versailles, Inc., on which it or appellants Frisch's Restaurants, Inc., or Frisch-Versailles Road, Inc., operated a restaurant. (We will refer to the various Frisch corporations as Frisch.) Frisch applied to appellant Lexington-Fayette County Planning and Zoning Commission for approval of a development plan so that it could obtain a permit to construct a second restaurant facility on that lot. The application included a plan attempting to dedicate for public use some of the land leased. Appellee John Levas, the owner of Lot #3, appeared before the Commission and protested. Nevertheless, the plan was approved on August 28, 1969. Twelve days later Levas filed in

the Fayette Circuit Court a complaint in which he named as defendants the Commission, its members, the City of Lexington, the building inspector and several Frisch corporations. He charged that the act of the Commission was invalid and should be so declared. Also he sought an injunction to prevent any action from being taken under the plan by Frisch and to keep the officials from issuing permits which would authorize construction.

Frisch moved for dismissal "For Failure to State a Claim." Before the court had ruled on that motion, Levas amended his complaint on September 30, 1969, by adding allegations thereto. The trial court overruled the motion to dismiss and a motion to strike the amended complaint. The answer charged that the complaint and amendment failed to state a claim and it alleged that the action of the Commission was valid. An amendment to the answer stated that Levas had participated in the proceedings before the Commission. On motion of Levas, the Commission was ordered to file in the circuit court a transcript of its proceedings. On January 16, 1970, Frisch attacked the jurisdiction of the court, claiming that an appeal authorized by KRS 100.347 was the exclusive remedy for relief. That statute provides:

"Appeals from commission or board of adjustment—Any appeal from commission action may be taken in the following manner:

"(1) Any person or entity claiming to be injured or aggrieved by any final action of the planning commission or board of adjustments may appeal from the action to the circuit court of the county in which the land lies. Such appeal shall be taken within thirty (30) days after the final action of the commission or board. Final action shall not include commission's recommendations made to other governmental bodies.

"(2) All appeals shall be taken in the appropriate circuit court within thirty (30) days after the action or decision of the planning commission or board of adjustments and all decisions which have not been appealed within thirty (30) days shall become final. After the appeal is taken the procedure shall be governed by the Rules of Civil Procedure. When an appeal has been filed, the clerk of the circuit court shall issue a summons to all parties, including the planning commission in all cases, and shall cause it to be delivered for service as in any other law action."

The trial court ruled that the complaint stated " * * * facts sufficient to perfect an appeal under KRS 100.347" and overruled the motion to dismiss. It distinguished L. LeRoy Highbaugh Jr., Bldr., Inc. v. Louisville, etc., Ky., 287 S.W.2d 169 (1956), on which Frisch relied, saying that there " * * * the plaintiff attempted to obtain a mandatory injunction requiring the Planning and Zoning Commission to make zoning variations," while here " * * * the plaintiff asked the court to declare that the development plan approved by the Planning and Zoning Commission is illegal, void and of no force and effect." It noted that the injunction which Levas sought also was to prevent others from acting.

 KRS 100.347 does not specify the form of the appeal, therefore we agree with the chancellor that inasmuch as the timely filed "Complaint" attacked the action of the Commission and contained all of the necessary allegations, it met the statutory requirements. Furthermore, we detect no vice in coupling with the appeal a request for an injunction. Cf. Flincheum v. Hickman County Board of Education, Ky., 503 S.W.2d 752 (decided October 26, 1973).

 The case was decided pursuant to an Agreed Order of Submission. In pertinent part, it read " * * * the * * * action * * * is submitted * * * upon the pleadings, briefs, exhibits, stipulations * * * for the decision * * * as to whether or not the * * * Commission had the right to approve the development plat (plan) filed by * * *

Frisch's * * * without the owner and successor lessor, John Levas, authorizing and approving said application * * *." The court held that the Commission was without right " * * * to approve the development plat (plan) submitted by a lessee with a certificate dedicating easements to public use." The rule is that generally no one except the owner of an unlimited estate in fee can make a dedication of land. McLean v. Thurman, Ky., 273 S.W.2d 825 (1955); 26 C.J.S. Dedication § 7, p. 405. A tenant may not make a dedication so as to bind the owner. 23 Am.Jur.2d, Dedication, § 13, p. 13. Here, the tenant attempted to dedicate its landlord's property to public use, which was impermissible. Lopeman v. Hansen, 34 Wash.2d 291, 208 P.2d 130 (1949).

Appellants complain that " * * * the court failed to decide or make any findings respecting * * * issues raised by the parties in the pleadings and encompassed as necessary issues and parts of the question submitted in the agreed order of submission." It appears to us that the agreed order of submission directed the court to one narrow issue, which was decided.

■ We now reach the complaint that the ruling of the trial court was erroneous. First, Frisch charges that the basis of the decision was " * * * that the plan as submitted * * * contained on its face a certificate dedicating easements to public use." Although Frisch admits that the plan contained such a certificate, it points out that exhibits presented to the trial court showed " * * * that the development plan as submitted did not in fact dedicate any easements to public use which were not already dedicated to public use at the time Appellee purchased the property in December of 1966." Appellants contend that the duplication will be apparent if the trial court compares the development plan submitted to the Commission with " * * * the four vehicular access points and the fifteen foot and twelve foot utility easements dedicated to public use by Appellee's predecessor in title, and which are shown on the recorded

subdivision plan * * * of the property." No witness testified that there was the duplication and no such statement was contained in the stipulation. The appellee denies that there was a duplication. There was no showing that there had been or had not been a waiver or abandonment of the original easement. The development plan offered by Frisch placed a greater burden on the use of the property than had the original plan.

We concur in the holding of the trial court that the applicant for the change of zoning did not have the authority to make the attempted dedication. McLean v. Thurman, Ky., 273 S.W.2d 825 (1954).

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.