KENTUCKY BOARD OF TAX
APPEALS, Appellant,

Pocahontas Development Corporation
and Georgia Pacific Corporation,
Intervenors,

v.

Rebecca SIMPSON, J.D. Miller, Evelyn
Miller, Elaine Stoltzfus, and Media
Jones, Appellees.

Court of Appeals of Kentucky.

March 1, 1985.

Discretionary Review Denied and Opinion
Ordered Published by Supreme Court
June 25, 1985.

David L. Armstrong, Atty. Gen., Greg Holmes, Asst. Atty. Gen., Frankfort, for appellant.

Mary Monica Miner, Harlan, Joe F. Childers, Lexington, for appellees.

John R. Rhorer, Jr., Wyatt, Tarrant & Combs, Lexington, Rodney Buttermore, Jr., Harlan, for intervenors.

Before HAYES, C.J., and GUDGEL and McDONALD, JJ.

McDONALD, Judge.

This appeal concerns a third party taxpayer protest of property tax assessments made by the property evaluation administrator.

This case began with protests by disgruntled taxpayers over the allegedly favorable assessments granted to the companies named. The appellees, Rebecca Simpson, Elaine Stoltzfus, Media Jones, J.D. Miller and Evelyn Miller, filed a letter of protest with the Harlan County Clerk pursuant to K.R.S. 133.120(1) complaining about the property tax assessments of Pocahontas Development Corporation (23,073 acres of land), Georgia Pacific Corporation (14,180 acres of land), Penn Virginia Resources Corporation (4,670 acres of land and not subject to this appeal), and Clairfield Land Company (not subject to this appeal).

K.R.S. 133.120(1) provides in part as follows:

> Any property owner who has listed his property with the property evaluation administrator at its fair cash value [appellees have done so] *likewise may ask* the county board of assessment appeals to *review* the assessments of property he believes to be assessed at less than fair cash value, providing, he specifies, in writing the individual properties for which the review is sought and factual information upon .which his request is based; such as, comparable sales or cost data. [Emphasis ours.]

The two letters filed with the Harlan County Clerk by the appellees contained essentially the same information, that being the names of the owners of the properties involved with allegations that the assessments thereon were too low. Although the protesters alleged that they had factual

information of comparable sales and cost data, the letters gave none.

Having received the letters of protest, the Harlan County Board of Assessment Appeals reviewed the property tax assessments of the named companies. The board ordered no change in the assessments. From this ruling a petition was filed by Rebecca Simpson and her fellow protesters, pursuant to K.R.S. 131.340, to the Kentucky Board of Tax Appeals. K.R.S. 131.-340(2) states: "Any party ... aggrieved by any ruling ... of any ... county agency, may prosecute an appeal to the board...."

The board of tax appeals on its own motion dismissed the appeal under the authority of *Fitzpatrick v. Patrick*, Ky., 410 S.W.2d 143 (1966). The protesters then appealed to the Harlan Circuit Court. The circuit court ordered the case back to the Kentucky Board of Tax Appeals for a *de novo* hearing to allow presentation of the fair cash value of the properties for the tax year 1982. The case now stands before us for review by way of an appeal filed by the Kentucky Board of Tax Appeals. Pocahontas Development Corporation and Georgia Pacific Corporation have been granted leave to participate in the appeal as intervenors.

We do not reach the same result as the circuit court. The circuit court in its opinion stated that by reading together *Ray v. Luckett*, Ky., 332 S.W.2d 848 (1960), and *Fitzpatrick v. Patrick, supra,* "it is clear that Appellants [Rebecca Simpson and the other protesters] herein were aggrieved parties as contemplated by the legislature in enacting KRS 131.340(2)." (Emphasis ours.)

We disagree with the circuit court's conclusion of law on this point. In *Ray v. Luckett, supra,* which concerned an appeal to the circuit court in a zoning case, the protesters failed to name as "parties of record" two persons who had spoken at the public hearing in favor of the zone change involved. For that reason the circuit court dismissed the appeal. That decision was reversed by this court, however, as it was reasoned that the two persons who spoke in favor of the zoning change were not advocates as that term was construed. Instead, they were more akin to bystanders voicing an opinion of a nonobjectionable nature to the proposed development. Therefore, they were not parties within the meaning of the statute. In *Ray v. Luckett,* the language of K.R.S. 100.057(1), now repealed, read, "Any person ... being *a party of record* at such hearing, claiming to be injuriously affected or aggrieved by any action or decision by the commission may appeal...." (Emphasis ours.)

That statute was superseded by K.R.S. 100.347(1), which reads, "Any person or entity claiming to be injured or aggrieved by any final action ... has a right of appeal." Conspicuous by its absence in the new statute is the phrase "being a party of record." We believe the absence of this phrase is crucial to the proper interpretation of the *Fitzpatrick* case.

*Fitzpatrick* concerned an appeal under K.R.S. 131.340(2). There landowners sued for relief contending that property tax assessments were in excess of the fair cash value of their property. While not resting on all fours with our case, the court held that appeals to the board of tax appeals were authorized by parties only, "not merely unhappy people." *Id.* at 145.

The question for us to answer is whether Rebecca Simpson and the other protesters are parties as contemplated by K.R.S. 131.340(2). We say no. What rights the protesters have are found in K.R.S. 133.120(1) where it is stated, "any property owner who has listed his property at fair cash value, *likewise* [meaning to us property owners 'in addition' to any aggrieved taxpayer mentioned firstly in the statute] *may ask* the county board of assessments *to review* the property he believes not assessed at fair cash value." (Emphasis and meaning added.) Merely asking for review, as here, by third party protest, we conclude gives one no rights beyond bringing the fact of low assessments to light. It affords the property valuation administrator an opportunity to correct an inequity or it may expose favor-

itism if that be the circumstance. The statute makes no mention of an appeal right by third party protesters, only a review. Thus we believe the appellees have no standing to seek any further review of the action taken by the county board. We are convinced it was not the intent of the legislature to make such persons "aggrieved parties" within the meaning of K.R.S. 131.-340(2).

We are of the opinion that upon remand the circuit court should set aside its previous order and enter a new order affirming the decision of the Kentucky Board of Tax Appeals.

All concur.