Kathy CHANDLER; George W. Chandler; and KAT Contracting, Inc., Appellants

v.

BULLITT COUNTY JOINT PLANNING COMMISSION; City of Shepherdsville, Kentucky; Bullitt County, Kentucky; City of Pioneer Village, Kentucky; City of Hillview Kentucky; City of Hunters Hollow, Kentucky; City of Heborn Estates, Kentucky; City of Mount Washington, Kentucky; City of Lebanon Junction, Kentucky; and City of Fox Chase, Kentucky; City of Shepherdsville City Council; Trina Summers, Councilwoman; Margaret Moore, Councilwoman; Don Cundiff, Councilman; William "Bill" Goodin, Councilman; Tony Miller, Councilman; Bill Bishop, Councilman; Stacey Cline, Councilwoman; Steve Troutman, Councilman; James Watkins, Councilman; Joseph G. Sohm, Mayor, City of Shepherdsville, Kentucky, Appellees.

City of Shepherdsville; City of Shepherdsville City Council; Trina Summers, Councilwoman; Don Cundiff, Councilman; William Goodin (now Steve Troutman), Councilman; Tony Miller, Councilman; Bill Bishop (now Stacey Cline), Councilperson; Margaret Moore (now James Watkins), Councilperson; Joseph G. Sohm, Mayor City of Shepherdsville, Appellants

v.

Bullitt County Joint Planning Commission; KAT Contracting, Inc.; George W. Chandler; Kathy Chandler; Bullitt County, Kentucky; the City of Pioneer Village, Kentucky; The City of Hillview Kentucky; the City of Hunters Hollow, Kentucky; the City of Heborn Estates, Kentucky; the City of Mount Washington, Kentucky; The City of Lebanon Junction, Kentucky; the City of Fox Chase, Kentucky; and Gerald P. Burke, Jr., Appellees.

Nos. 2001–CA–001602–MR, 2001–CA–001823–MR.

Court of Appeals of Kentucky.

Nov. 1, 2002.

Rehearing Denied Jan. 22, 2003.

Discretionary Review Denied by Supreme Court Feb. 11, 2004.

Case Ordered Published by Supreme Court Feb. 11, 2004.

Alex F. Talbott, McMurry & Talbott, Louisville, KY, for George and Kathy Chandler.

Norman R. Lemme, Shepherdsville, KY, for City of Shepherdsville and other appellants.

John P. Carroll, Porter & Associates, Louis Reinhart, Shepherdsville, KY, for appellee Bullitt County Joint Planning Commission.

Before EMBERTON, Chief Judge; BUCKINGHAM and GUDGEL, Judges.

## OPINION

EMBERTON, Chief Judge.

This case arises from three requests for a zoning map amendment for tracts of property annexed into the City of Shepherdsville by KAT Contracting, George W. Chandler, and his wife, Kathy Chandler. The issues on appeal are whether the Bullitt County Joint Planning Commission has standing to challenge a denial of its recommendation to the City of Shepherdsville and whether the mayor of a city had authority to cast a tie-breaking vote.

KAT Contracting owns and operates a quarry in the Brooks area of northern Bullitt County. George Chandler, a principal of KAT, and Kathy Chandler own properties adjacent to the quarry property. KAT and the Chandlers desire to expand the quarry operations to extract limestone; the comprehensive plan categorizes the area as "medium density suburban residential" and the operation of the quarry has been under a conditional use permit which predates the establishment of the comprehensive plan. KAT and the Chandlers sought a zoning map amendment so that the properties could be either EP–A–Earth Products or EP–B–Earth Products to permit expansion of the quarry.

Following a hearing, the Bullitt Planning Commission voted in favor of a motion to recommend denial of the rezoning requests, which was then forwarded to the City of Shepherdsville. After the City conducted its public hearing, the six members of the City Council voted on the request to rezone. On each of the three proposed ordinances to rezone, three members voted in favor and three against. On advice of the City Attorney, Mayor Joe Sohm voted and broke the tie in favor of rezoning.

The Commission appealed, filing what it designated as an "Appeal, Complaint and Petition for Declaration of Rights" attacking the City's action. As properly noted by the trial court, regardless of the pleading's title, it is an appeal under KRS[1] 100.337 and KRS 100.347.[2] KRS 100.347 provides in part that any person or entity claiming to be injured or aggrieved by a final action of the legislative body of a city shall have the right to appeal to the circuit court. KRS 100.337 provides that the "[c]ommission shall have a cause of action for all appropriate relief including injunctions against any governmental bodies or any aggrieved person who violates this chapter or regulations adopted hereunder."

■ The recognized standing of administrative entities to challenge decisions contrary to its own is not novel in this Commonwealth. In *Boyd & Usher Transport v. Southern Tank Lines, Inc.*,[3] the court held that the Department of Motor Transportation could represent the public interest and was a proper party. In *Kentucky State Racing Commission v. Fuller*,[4] the Commission was an aggrieved party and had standing to challenge a circuit court's decision. In that case, quoting *Minnesota Water Resources Board v. County of Traverse, et al.*,[5] the court stated:

[T]he right to appeal depends largely on whether express provision is made in the particular statute involved. As we have

1. Kentucky Revised Statutes.

2. *See Lexington–Fayette County Planning and Zoning Commission v. Levas*, Ky.App., 504 S.W.2d 685 (1973).

3. Ky., 320 S.W.2d 120 (1959).

4. Ky., 481 S.W.2d 298 (1972).

5. 287 Minn. 130, 177 N.W.2d 44 (1970).

previously indicated, where the language is broad as in § 112.82, subd. 1, relating to any 'party aggrieved,' the test seems to be whether the agency is created to represent the interests of the public or whether it is to act only in deciding controversies between other entities of government or individual members of the public.[6]

Zoning issues clearly affect more than those property owners in the immediate vicinity and have a far reaching effect on the entire community.[7] As the legislatively designated entity entrusted with the authority and duties imposed by KRS Chapter 100, *et seq.,* the Commission is "aggrieved" when the provisions of the planning and zoning laws are violated. This is precisely what the Commission in this case alleges. It argues that KRS 100.211(1) requires a majority vote by the members of the legislative body of the city to override its recommendation and that the mayor may not, as in this case, legally break a tie vote of a city council. We agree with the trial court that the Commission has standing to prosecute this appeal.

■ Resolution of the substantive issue here, whether the mayor has the authority to cast a tie-breaking vote, depends upon the construction of KRS 100.211(1) and KRS 83A.130(5). KRS 100.211(1) is specific in its instruction, detailing the procedure by which a zoning map amendment may be accomplished and provides in pertinent part:

It shall take a majority of the entire legislative body or fiscal court to override the recommendation of the planning commission and it shall take a majority of the entire legislative body or fiscal court to adopt a zoning map amendment whenever the planning commission forwards the application to the fiscal court or legislative body without a recommendation of approval or disapproval due to a tie vote. Unless a majority of the entire legislative body or fiscal court votes to override the planning commission's recommendation, such recommendation shall become final and effective and if a recommendation of approval was made by the planning commission, the ordinance of the fiscal court or legislative body adopting the zoning map amendment shall be deemed to have passed by operation of law.

KRS 83A.130(5) is more general and permits the mayor to participate in council proceedings but have no vote except that "he may cast the deciding vote in case of a tie."

■ We do not believe that the general power to cast a tie-breaking vote granted in KRS 83A.130(5) prevails over the explicit language of KRS 100.211. As a general rule of statutory construction, where a statute specifically addresses an issue, it prevails over a conflicting provision in a statute with general application.[8] KRS Chapter 100 is a comprehensive scheme of legislation on the subject of zoning map amendments.[9] *Hacker, supra,* involved a veto by a mayor in an urban-county government. The court held that KRS 100.211 is the exclusive procedure for rezoning decisions, and the mayor was not authorized to exercise a veto power.[10]

---

6. *Id.* at 302.

7. *21st Century Development Co., LLC v. Watts,* Ky.App., 958 S.W.2d 25 (1997).

8. *Bowling Green v. Board of Education,* Ky., 443 S.W.2d 243, 247 (1969).

9. *Hacker v. Baesler,* Ky., 812 S.W.2d 706, 709 (1991).

10. *Id.*

KRS 100.211 states that the majority of the entire "legislative body or fiscal court" can vote to override a planning commission's recommendation. The statutory language is mandatory as it "evinces a calculated policy determination that decisions of the planning commission be given great weight."[11] We agree with the trial court's well-reasoned opinion that in a city of the fourth class, as is Shepherdsville, the mayor is not a member of the legislative body. We adopt the following from the trial court's opinion:

KRS Chapter 100 comprehensively and specifically addresses planning and zoning decisions. "Legislative body" is defined separately from "mayor." KRS 100.111(11), (12). KRS 100.211 provides that a majority vote of the "entire legislative body" is required to overturn a recommendation of the Planning Commission. Applying a plain meaning analysis, it would seem that the City could overturn the Commission's recommendation only if four of the six City Councilpersons voted to do so.

The City argues that KRS 83A.130(5) authorizes a mayor to "cast the deciding vote in case of a tie" and that this is without any stated exception. This power applies generally to ordinances coming before the City. KRS Chapter 83A is silent on the mayor's ability to cast a vote to break a tie in the context of a planning and zoning decision under KRS 100.211. Other provisions of KRS Chapter 83A indicate the General Assembly's understanding that a mayor is not a member of the legislative body just because he can cast a vote in case of a tie generally. See KRS 83A.010(8) ("Legislative body member" defined). Cities organized under a mayor-council plan of government have a mayor and a legislative body which is separately composed of between six and twelve members in cities of the fourth class. KRS 83A.030(1)(b). It is admitted in the pleadings that Shepherdsville is a city of the fourth class. It should be noted that the General Assembly specifically provided, by contrast, that the mayor is a member of the legislative body in cities organized under the commission or city manager plan. KRS 83A.030(2).

Against the statutory background this Court finds it persuasive that the General Assembly chose to use the phrase "entire legislative body" when it set forth what was required to overturn a planning commission's recommendation. Although the phrase "legislative body" appears many times in the Kentucky Revised Statutes, the phrase "entire legislative body" is used almost exclusively in KRS Chapter 100. Curiously, the sole exception appears to be KRS 67A.025(3) which prohibits the removal of the chief administrative officer of an urban-county government unless upon order of the mayor or three-fifths vote of the "entire legislative body." Again, the General Assembly has recognized a distinction between the mayor and the legislative body. (Emphasis original.)

The Mayor of Shepherdsville having no authority to cast a tie-breaking vote, the recommendation of the Commission stands, and the denial of the zone map amendment is therefore final and effective.

■ A final issue raised pertains to an alleged violation of the open meetings law by the Commission when it made its decision to commence this action. KRS 61.810(1)(c) allows discussion of proposed litigation as an exception to the open meeting provisions of KRS Chapter 61, and KRS 61.815(1) outlines the procedure for conducting closed sessions. The trial

11. *Glasgow v. Holmes*, Ky.App., 885 S.W.2d 957, 959 (1994).

court found that although the Commission failed to cite a specific provision of KRS 61.810 prior to entering into executive session as required by KRS 61.815(1)(a), such omission made the Commission's acts voidable, not void.[12] Since there was no showing of prejudice by the Commission's violation, the trial court properly upheld the Commission's action. We agree that there is no evidence any prejudice was created by the Commission's failure to state a specific provision of KRS 61.810. The Commission explained it was going into closed session, and the minutes reflect the discussion concerning litigation. Motions to authorize the litigation were made in open meetings, and there is no record of anyone requesting to address the Commission or voice concern about the Commission's actions. The trial court was well within its discretion in refusing to void the Commission's action.

In summary, the Bullitt County Joint Planning Commission has standing to bring the present action. Only a majority of the entire legislative body of the city could vote to override the Commission's recommendation. The mayor is not a member of the legislative body and cannot cast a vote. Since a majority of the Shepherdsville City Council did not vote to override the recommendation to deny the zoning map amendment, the Commission's recommendation became effective as a matter of law. The judgments of the trial court are affirmed.

ALL CONCUR.

---

12. *See Stinson v. State Board of Accountancy,* Ky.App., 625 S.W.2d 589 (1981).