Jennings **WOODROW** et al., Appellants,

v.

**LOUISVILLE & JEFFERSON COUNTY PLANNING & ZONING COMMISSION,** etc., et al., Appellees.

Court of Appeals of Kentucky.

May 12, 1961.

R. D. McAfee, Louisville, for appellants.

James L. Taylor, Oldham Clarke, James M. Cuneo, Louisville, for appellees.

WADDILL, Commissioner.

The Woodrows are appealing from an order of the Jefferson Circuit Court which dismissed their appeal from a decision of

the Louisville and Jefferson County Planning and Zoning Commission approving a plat of Green Ridge Manor subdivision under KRS 100.088 and 100.089. The question to be resolved is whether the court correctly held that the Woodrows were not "parties of record" within the meaning of KRS 100.089 and 100.057 and were therefore not entitled to appeal from the commission's decision.

The statutes (KRS 100.089 and 100.057) which govern appeals to the circuit court from decisions of the commission provide in pertinent part that only a person who is "a party of record at such hearing, claiming to be injuriously affected or aggrieved by any action or decision by the commission, may appeal from such action or decision, to the circuit court. * * *."

The minutes of the commission's hearings do not disclose that appellants filed a protest concerning the proposed subdivision or that they appeared at the public hearings of the matter. The only basis appellants have for claiming to be parties of record is an allegation in their statement of appeal to the circuit court that their attorney objected to the approval of the proposed subdivision. However, appellants have failed to produce any record of the commission which shows that an objection was made.

While KRS 100.057 does not require that a copy of the entire record be filed on an appeal to the circuit court, it is necessary under this statute for the appealing parties to affirmatively show by some part of the commission's record that they entered an appearance as protestants. A further requirement is that they claim to be injuriously affected or aggrieved by the action or decision of the commission. See Ray v. Luckett, Ky., 332 S.W.2d 848, and Duncan v. Louisville and Jefferson County Planning and Zoning Commission, Ky., 238 S.W.2d 127.

The trial court correctly held that appellants have failed to establish the fact that they were parties of record as required by the appeal statutes.

Judgment affirmed.