**KETCHIKAN RETAIL LIQUOR DEALERS ASSOCIATION, Herb Chambers and William Marks, Appellants,**

v.

**STATE of Alaska, ALCOHOLIC BEVERAGE CONTROL BOARD, Appellee.**

**No. 3697.**

Supreme Court of Alaska.

Nov. 9, 1979.

Douglas B. Baily, Dunn, Baily & Mason, Anchorage, for appellants.

David T. LeBlond, Asst. Atty. Gen., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ.

## OPINION

BURKE, Justice.

This is an appeal from a decision of the superior court dismissing an appeal to that court from a decision of the Alcoholic Beverage Control Board. The superior court dismissed the appeal on the ground that the action was not properly before the court under Appellate Rule 45.[1] We conclude that the Board's decision is subject to judicial review, that appellants could properly seek such review under Appellate Rule 45, and that the order of the superior court dismissing the appeal should be reversed.

In April 1977, White Enterprises, Inc., doing business as the Ingersoll Hotel and Heritage Lounge in Ketchikan, Alaska, filed an application with the Alcoholic Beverage Control Board for a beverage dispensary license. Several individuals and the Ketchikan Retail Liquor Dealers Association (hereinafter Association) sent letters to the Board opposing the application. The letters pointed out that Ketchikan had twenty-three liquor licenses in a city with an official population of 7,770, or one for every 338 people. AS 04.10.210 provides that no new license shall be approved for any location where the ratio of such licenses exceeds one for every 1,500 people.[2] The letters also contended that the application

---

1. Rule 45(a)(2), Alaska R.App.P., governing appeals to the superior court from an administrative agency, provides:

    The time within which an appeal may be taken to the superior court from an administrative agency shall be 30 days from the date that the order appealed from is mailed or delivered to the appellant. If a request for agency reconsideration is timely filed before the agency, the notice of appeal must be filed within 30 days after the agency's reconsideration decision.

2. AS 04.10.210 provides, in pertinent part:

    *Population limitations on issuance of new license.* (a) Unless otherwise provided, no application for a new license shall be approved for any location

    (2) within an incorporated city or unified municipality where the total of licensed premises in the aggregate at one time would exceed one license of each type for each 1,500 population or fraction thereof within the city or unified municipality.

did not meet the criteria for the exception to this requirement relating to tourism.[3]

The Board considered the application of White Enterprises at a meeting on May 25, 1977, in Ketchikan. Appellants appeared at the meeting and voiced their objections to the issuance of the license. Appellants appeared through counsel; they presented witnesses who were questioned by counsel and by the Board; and they submitted various documents for the Board's consideration. Representatives of the applicant, White Enterprises, also appeared. They spoke in support of the application and were questioned by counsel for appellants. After discussion, the Board voted to approve the application.

Appellants appealed the Board's decision to the superior court and moved that the issuance of the license be stayed pending appeal. The State moved to dismiss the appeal, alleging that appellants lacked standing and arguing that an Appellate Rule 45 appeal did not lie from the decision of the Board. Following oral argument the motion to dismiss was granted on September 12, 1977.

The issue in this case is whether appellants have a right to seek judicial review of the Board's decision in an appeal under Appellate Rule 45.[4] The State contends that an Appellate Rule 45 appeal from an administrative decision is available only to *parties* for review of *formal agency adjudications.* The State characterizes the Board proceeding on May 25, 1977, as a "regular public meeting" during which only "informal decision-making" took place and at which appellants appeared informally to express opposition to the license application. The State's position is that, since appellants did not invoke the procedures for a formal hearing under the Administrative Procedure Act (APA), AS 44.62.010 to 44.62.650,[5]

3. AS 04.10.260 provides:
   *Licensing to encourage tourist trade.* (a) The board may, in its discretion, approve the issuance or transfer of a license without regard to the quota provisions of §§ 210–290 of this chapter when it appears that the issuance or transfer will encourage the construction or improvement of a hotel, motel, resort or similar business related to the tourist trade having a minimum accommodation of 10 rooms and a dining facility. The dining facility requirement may be waived if the majority of rooms have kitchen facilities.
   (b) The accommodations and dining facilities provisions in (a) of this section are not applicable if the facility for which a license is sought is an airport terminal otherwise meeting the requirements of this section.

4. The State acknowledges that appellants could properly seek review in a civil action for declaratory relief. *See* AS 22.10.020(b). In several cases we have recognized the right of interested parties to seek review of administrative decisions in actions for declaratory relief. *See, e. g., Moore v. State,* 553 P.2d 8, 23–24 (Alaska 1976); *United States Smelting, Ref. & Mining Co. v. Local Boundary Comm'n* 489 P.2d 140, 144 (Alaska 1971); *K & L Distribs., Inc. v. Murkowski,* 486 P.2d 351, 353–54 (Alaska 1971).
   The State argues that there is a significant distinction between an Appellate Rule 45 appeal and review by means of an action for declaratory relief because the two procedures entail different standards of review. Review of an administrative decision pursuant to an Appellate Rule 45 appeal is governed by the broad standards established in AS 44.62.570(b), which provides:
   (b) Inquiry in an appeal extends to the following questions: (1) whether the agency has proceeded without, or in excess of jurisdiction; (2) whether there was a fair hearing; and (3) whether there was a prejudicial abuse of discretion. Abuse of discretion is established if the agency has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence. The State contends, however, that in an action for declaratory relief the scope of review is limited to a determination of whether the agency has complied with the requirements of due process. Since we find that an appeal pursuant to Appellate Rule 45 is proper, we do not address the question of the proper scope and standard of review when an administrative decision is challenged in an action for declaratory relief.

5. AS 44.62.370(a) provides:
   A hearing to determine whether a right, authority, license or privilege should be granted, issued or renewed is initiated by filing a statement of issues. The statement of issues is a written statement specifying (1) the statute and rule with which the respondent must show compliance by producing proof at the hearing, and (2) particular matters which have come to the attention of the initiating party and which would authorize a denial of the agency action sought.

the proceeding was not adjudicatory as to them and they, therefore, may not avail themselves of the judicial review provisions of the Act, AS 44.62.560.[6]

The State relies on *Moore v. State*, 553 P.2d 8 (Alaska 1976), where we indicated that judicial review of non-adjudicatory administrative action is properly obtained in an action for declaratory relief, by analogy to AS 44.62.300.[7] 553 P.2d at 29. *Moore*, however, involved a challenge to an administrative decision by people who, although they were "interested persons," did not participate in any meeting or other proceeding at which the decision was made. *See id.* at 14–15. In the case at bar appellants did appear before the Board, and for that reason *Moore* is not dispositive. It is also significant that *Moore* involved not an adjudicatory action but administrative action in connection with the sale of oil and gas leases. *Moore* did not involve an administrative hearing.

■ AS 04.10.380 provides unequivocally that a decision by the Board to issue a

license is subject to review: "An action or decision by the board relating to the issuance, reissuance, suspension or revocation of a license under [title 4] *is subject to review.*" AS 04.10.380 (in part; emphasis added). There are two statutory provisions which make it clear that the procedural aspects of such review are governed by the APA. First, AS 04.05.030(f) provides that the APA "governs all proceedings" under title 4. Second, AS 44.62.330(a)(17) designates the Board as one of the state agencies whose "procedure . . . shall be conducted" under the APA.[8] Since AS 44.62.-330(a) does not limit the application of the APA to "named functions" of the Board, as it does with several other agencies,[9] it is clear that the APA is intended to govern *all* functions of the Board.

■ The State contends that the judicial review provisions of the APA, AS 44.62.560 and AS 44.62.570, apply only to adjudicatory proceedings, since they are codified in an article of the statutes entitled "Administra-

---

The State implies that appellants should have filed a statement of issues and served the respondent, whereupon the respondent would have filed a notice of defense and a hearing officer would have been appointed. *See* AS 44.62.350, 44.62.370, 44.62.390.

**6.** AS 44.62.560 provides in pertinent part:
*Judicial review.* (a) Judicial review by the superior court of a final administrative order may be had by filing a notice of appeal in accordance with the applicable rules of court governing appeals in civil matters. Except as otherwise provided in this section, the notice of appeal shall be filed within 30 days after the last day on which reconsideration can be ordered, and served on each party to the proceeding. The right to appeal is not affected by the failure to seek reconsideration before the agency.

(e) The superior court may enjoin agency action in excess of constitutional or statutory authority at any stage of an agency proceeding. If agency action is unlawfully withheld or unreasonably withheld, the superior court may compel the agency to initiate action.

**7.** AS 44.62.300 provides in part (emphasis added): "*Court review.* An interested person may get a judicial declaration *on the validity of a regulation* by bringing an action for declaratory relief in the superior court."

**8.** AS 44.62.330(a) provides (emphasis added):
The procedure of the state boards, commissions, and officers listed in this subsection . . . shall be conducted under §§ 330–630 of this chapter. This procedure, including, but not limited to, accusations and statements of issues, service, notice and time and place of hearing, subpoenas, depositions, matters concerning evidence and decisions, *conduct of hearing, judicial review and scope of judicial review,* continuances, reconsideration, reinstatement or reduction of penalty, contempt, mail vote, oaths, impartiality, and similar matters shall be governed by this chapter, notwithstanding similar provisions in the statutes dealing with the state boards, commissions, and officers listed. *Where indicated, the procedure that shall be conducted under §§ 330–630 of this chapter is limited to named functions of the agency.*

(17) Alcoholic Beverage Control Board

**9.** For example, the APA applies to the Department of Education and the Professional Teaching Practices Commission only with regard to certain proceedings to revoke or suspend a teacher's certificate. AS 44.62.330(a)(42).

tive Adjudication." [10] . Initially, we point out that the heading of the article is not determinative, since such headings are not part of the law of Alaska. See AS 01.05.-006.[11] Furthermore, we have determined that the Board's action was an administrative adjudication.[12] In any case, however, little is gained from an examination of whether the Board proceeding of May 25, 1977, was an "adjudication" in some technical sense. It was unquestionably an administrative proceeding of some sort, and the important question is what procedural requirements are applicable to that proceeding.[13]

■ Both in the superior court and on appeal to this court, the parties have expressed sharply differing views on the nature of the Board proceeding. Appellants contend it was a public hearing; the State views it as simply a public meeting.[14] An examination of the record of the Board proceeding could be helpful in determining which characterization is correct. The State, however, has failed to provide to the

10. Article 8, "Administrative Adjudication," appears within part 5, "Administrative Procedure," of title 44, "State Government," of the Alaska Statutes.

11. AS 01.05.006 provides (emphasis added):
Adoption of Alaska Statutes. The bulk formal revision of the laws of Alaska . . . titled "Alaska Statutes," as set out in the 47 titles of the Alaska Statutes, but not including the table of contents, indexes, citations to Alaska Compiled Laws Annotated, 1949, and session laws, chapter, article, section, subsection and paragraph headings, annotations, collateral references, notes and decisions, is adopted and enacted as the general and permanent law of Alaska.

12. We note that under federal law, Administrative Procedure Act, 5 U.S.C. §§ 551–559 (1976), "licensing" is clearly a form of "adjudication." The federal APA defines "adjudication" as "agency process for the formulation of an order." Id. § 551(7). "Order," in turn, is defined as "the whole or a part of a final disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter other than rule making but including licensing [.]" Id. § 551(6) (emphasis added).

13. Professor Davis has written:
Often the best solution of the problem of classifying borderline activities [as either rulemaking or adjudication] is to avoid classifying them—to skip the labelling and to proceed directly to the problem at hand. Thus, if the problem is to determine appropriate procedure for a particular activity, the practical procedural needs may be studied without calling the activity either rule making or something else; usually nothing will be lost if the activity is regarded as borderline or mixed or unclassifiable.
1 K. Davis, Administrative Law Treatise § 5.01, at 286 (1958).

14. In a memorandum submitted to the superior court, appellants presented their view of the proceeding:

[The State] also asserts that no administrative hearing was ever held in this case. That assertion is contrary to the record. The record will show that after public notice, a hearing was held by the Alcoholic Beverage Control Board in Anchorage for the express purpose of determining whether the license in question should be issued. The applicants through their appropriate representatives appeared and presented a substantial amount of testimony concerning their license and supporting the approval of the issuance. The appellants to this matter, the parties who had filed protests in advance with the Alcoholic Beverage Control Board, also appeared at the hearing and presented testimony in opposition to the issuance of the license. The representatives of the applicants were cross-examined in order to establish a record for a possible appeal. The record will disclose that subsequent to that testimony, the Alcoholic Beverage Control Board entertained a motion and conducted a vote which resulted in the issuance of the license in question.
In oral argument before the superior court, the State expressed the following view of the Board Proceeding:
Generally, the decision [to issue the license] which was made on May 25th was made at a regular meeting of the Alcoholic Beverage Control Board. There was not an administrative hearing from which an appeal lies. . . . [Counsel] speaks of the administrative record, frankly, there is no administrative record, except the minutes and recording of that regular meeting, and the documents that may have been submitted by the members of the public who appeared. At every board meeting members of the public are allowed to appear and express their position some way or another about matters before the board. That simple fact of a public meeting in which the public is heard does not make that meeting and the decisions the board reaches at those meetings a [sic] administrative hearing, or an administrative adjudication from which an appeal automatically lies.

court the transcript of the proceeding or the documents which were presented at the proceeding.[15] We therefore assume that appellant's description of the proceeding is correct,[16] and we find that the Board proceeding was a public hearing on a license application.

Such a proceeding is authorized by AS 04.05.030(c), which provides: "The board may hold public hearings on applications for licenses when any applications are protested, and require an applicant to answer any pertinent questions." A hearing on a license application is also contemplated, though not required, by AS 04.10.280, which provides in part: "At the time set for the hearing, the board shall consider the application and any protests that may be filed against it, and shall hear the applicant or others appearing in connection with the matter, and give judgment upon the application." As an authorized proceeding of the Board, this hearing was subject to the requirements of the APA. AS 04.05.030 & 44.62.330.[17]

An appeal to the superior court of a final administrative order is authorized by the APA: "Judicial review . . . may be had by filing a notice of appeal . . ." AS 44.62.560.[18] Although the statute does not specify *who* may appeal the order, we interpret AS 44.62.560 to create a right of appeal in the *parties* to an administrative hearing, and we find that appellants were parties to the Board proceeding.[19] Although it is undisputed that appellants *appeared* at the Board proceeding, the State contends they were not *parties* to the proceeding.[20] For purposes of the "Adminis-

---

**15.** In both the superior court proceeding and in the appeal to this court, appellants' Designation of Record provided that the record was to include "all documents and correspondence introduced during the public hearing, the transcript of the hearing of May 25, 1977, before the Alcoholic Beverage Control Board with respect to the application of White Enterprises . . . ." The record submitted to this court included only certain documents from the Board files and did not include a transcript of the Board proceeding. In response to a telephone request from this court, the State subsequently provided the court with a copy of the minutes of that portion of the Board proceeding which was devoted to the application in question.

We note with disapproval the Board's failure to comply with Appellate Rule 45(e)(2), which provides in part: "The administrative agency shall prepare the record on appeal in the case of appeal of an administrative decision." Appellate Rule 9(g) requires that the record be completed within 40 days of the time the notice of appeal is filed. In failing to prepare the record as designated, the Board also failed to comply with AS 44.62.560(b) & (c), which provide:

(b) The complete record of the proceedings, or the parts of it which the appellant designates, shall be prepared by the agency. A copy shall be delivered to all parties participating in the appeal. The original shall be filed in the superior court within 30 days after the appellant pays the estimated cost of preparing the complete or designated record or files a corporate surety bond equal to the estimated cost.

(c) The complete record includes (1) the pleadings, (2) all notices and orders issued by the agency, (3) the proposed decision by a hearing officer, (4) the final decision, (5) a transcript of all testimony and proceedings, (6) the exhibits admitted or rejected, (7) the written evidence, and (8) all other documents in the case.

We realize that the rule and the statute requiring the agency to prepare the record are the very provisions whose application is being challenged by the Board. The transcript, however, is relevant to the merits of that challenge; and, until such time as those provisions were declared by a court to be inapplicable, the Board was required to comply.

**16.** *See* note 14 *supra.* The minutes of the Board proceeding appear to corroborate appellants' description of the proceeding. In any case we believe that acceptance of appellants' version of events is warranted as a sanction for the Board's failure to prepare the record. This court has authority under Appellate Rule 9(d) to impose sanctions for failure to complete the record, and we believe such a sanction to be appropriate by analogy to Civil Rule 37(b)(2)(A), which authorizes the imposition of a similar sanction for failure to make discovery.

**17.** *See* note 8 and accompanying text *supra.*

**18.** AS 44.62.560 is set forth in note 6 *supra.*

**19.** Since we find that appellants were parties to the proceeding, we need not decide whether a non-party may also have a right to appeal under AS 44.62.560.

**20.** The State argues:

Appellants were not indispensable parties before the Board. They did not move to·

trative Adjudication" portion of the APA, AS 44.62.330 to 44.62.630, "party" is defined as "the agency, the respondent, and *a person,* other than an officer or an employee of the agency in his official capacity, *who has been allowed to appear in the proceeding.*" AS 44.62.640(b)(4) (emphasis added). Our holding here that appellants were parties to the proceeding is clearly supported by the statutory definition of "party."

Our holding is also supported by the case law of several jurisdictions. For example, *Application of Bank of Rhame,* 231 N.W.2d 801 (N.D.1975), involved an application of a bank to the State Banking Board for authorization to change location and name. A competing bank opposed the application and subsequently appealed the Board's decision to authorize the changes. The applicant bank challenged the competing bank's right to appeal, claiming that it was not a "party" within the meaning of the applicable statute, which authorized appeal by "any party to any proceeding heard before the administrative agency." *Id.* at 807. After a thoughtful analysis of the purpose of the statute and the meaning of "party," the court held:

[A]ny person who is directly interested in the proceedings before an administrative agency who may be factually aggrieved by the decision of the agency, and who participates in the proceeding before such agency, is a "party" to any proceedings for the purposes of taking an appeal from the decision.

*Id.* at 808. *See also Alfred I. duPont School District v. Delaware Alcoholic Beverage Control Commission,* 343 A.2d 600, 603–04 (Del.1975); *Woodrow v. Louisville & Jefferson County Planning & Zoning Commission,* 346 S.W.2d 538, 539 (Ky.1961); *Baker v. Zoning Hearing Board of West Goshen Township, Chester County,* 27 Pa.Cmwlth. 602, 367 A.2d 819, 821–22 (1976).

In summary, we hold that the Board proceeding which took place on May 25, 1977, was a public hearing authorized by AS 04.05.030(c). We hold that appellants were parties to that proceeding, since they were permitted to appear at the hearing. *See* AS 44.62.640(b)(4). We hold that under AS 44.62.560 appellants, as parties to the proceeding, have a right to appeal the decision of the Board to the superior court.[21]

intervene as parties. They never became parties at all. They did not file a Statement of Issues, pursuant to AS 44.62.370(a), to invoke a formal proceeding. There was no formal proceeding. Appellants merely appeared and were heard, informally, in opposition to the application of White Enterprises, Inc.

It appears that the Association, having submitted its objection to the Board in writing on May 21, 1977, was in substantial compliance with AS 44.62.370, which specifies that a hearing on a license application be initiated by filing a statement of issues. *See* note 5 *supra.* For a similar case, basing a finding of "party" status on substantial compliance with statutory requirements, see *City of Minneapolis v. Minneapolis Transit Co.,* 270 Minn. 133, 133 N.W.2d 364, 368–69 (1965). In any case, this hearing can be considered to have been initiated at the Board's discretion under AS 04.05.030(c), which authorizes the Board to hold a hearing on a license application whenever there are protests to the issuance of the license.

It is apparent that the hearing itself was not conducted in full compliance with the APA. *See, e. g.,* AS 44.62.450 (hearing to be presided over by hearing officer); AS 44.62.460 (oral evidence to be taken on oath or affirmation); AS 44.62.510 (written decision to be issued

containing findings of fact). Nevertheless, the failure of the Board to comply with the requirements of the APA can have no effect on appellants' right to seek the appellate review clearly authorized by AS 44.62.560.

21. We wish to note that, even if an appeal under Appellate Rule 45 had not been a proper method for seeking review of the Board's decision, the superior court should not have simply dismissed the case. Since other forms of review were available to appellants, the superior court should have heard the case as if the appellants had sought review in a proper manner. Since the State conceded the propriety of a declaratory judgment action, *see* note 4 *supra,* the court could have considered the case on that basis. The court might also have treated the supposedly improper appeal as a petition for review under Rule 31 of the District Court Rules of Civil Procedure, which provides in part:

(a) *When Filed.* An aggrieved party may petition the superior court for review of any order or decision of a magistrate court or an administrative agency where there is no appeal or other plain, speedy or adequate remedy, and where the magistrate or administrative agency appears to have exercised his or

Finally we hold that the appropriate standard of review is that outlined in AS 44.62.-570.

The judgment of the superior court therefore is REVERSED, and the case is REMANDED to the superior court for a consideration of the appeal on its merits.

RABINOWITZ, J., concurs in part, dissents in part.

MATTHEWS, J., not participating.

RABINOWITZ, Justice, concurring in part, and dissenting in part.

I am unable to agree with a central underpinning of the majority's opinion. More particularly, I find I cannot accept the conclusion that appellants were parties to the administrative proceedings in question in this case.

AS 44.62.640(b)(4) defines "party" as including

> the agency, the respondent, and a person, other than an officer or employee of the agency in his official capacity, who has been allowed to appear in the proceeding.

In the case at bar appellants' only significant contacts with the Alcoholic Beverage Control Board were letters which were sent to the Board opposing the application of White Enterprises, Inc. and appellants' appearance at the Board's May 25, 1977, meeting at which they voiced their objections to the issuance of a license. Given that this is the full extent of appellants' participation in the proceedings, I am not persuaded that such contacts invested them with "party" status. It follows that I am therefore in agreement with the state's position that appellants do not have the right to obtain judicial review of the Board's decision by the procedural mechanism of an appeal pursuant to Appellate Rule 45.

Nevertheless, I concur in the majority's reversal of the judgment of the superior court, since I am of the further view that the superior court should have treated the appeal as a claim for declaratory relief rather than dismissing the appeal outright.[1]

---

its functions erroneously or to have exceeded his or its jurisdiction, to the injury of some substantial right of such party.

Relief heretofore available by writs of review, certiorari, mandamus, prohibition, and other writs may be obtained by petition for review under the practice prescribed in these rules.

(b) *Considerations Governing Review.* A review shall not be a matter of right, but will be granted only:

(1) Where the order or decision sought to be reviewed is of such substance and importance as to justify deviation from the normal appellate procedure by way of appeal and to require the immediate attention of the superior court;

(2) Where the sound policy behind the general rule of requiring appeals to be taken only from final judgments is outweighed by the claim of the individual case that justice demands a present and immediate review of a particular nonappealable order or decision, or

(3) Where the magistrate court or administrative agency has so far departed from the accepted and usual course of judicial or administrative proceedings, as to call for the superior court's power of supervision and review. . . .

See, e. g., *Aleutian Homes v. Fisher*, 418 P.2d 769, 773 (Alaska 1966) (lower court did not err in permitting amendment of original "Notice of Appeal" when statute required that judicial review of Workmen's Compensation Board order be initiated by action for injunction). See also *Alaska Pub. Util. Comm'n v. Municipality of Anchorage*, 555 P.2d 262, 264–65 n.1 (Alaska 1976) (recognizing superior court's jurisdiction to entertain declaratory judgment action for review of administrative decision where State claimed that an Appellate Rule 45 appeal was the only proper form of review).

1. *See generally* AS 22.10.020(b); *City of Homer v. State, Dept't of Natural Res.*, 566 P.2d 1314 (Alaska 1977); *State v. Lewis*, 559 P.2d 630 (Alaska 1977); *Moore v. State*, 553 P.2d 8 (Alaska 1976); *State v. Aleut Corp.*, 541 P.2d 730 (Alaska 1975).