**CITY OF KENAI, Appellant,**

v.

**STATE of Alaska, PUBLIC UTILITIES COMMISSION, Appellee.**

No. S–1337.

Supreme Court of Alaska.

May 8, 1987.

Timothy J. Rogers, City Atty., Kenai, for appellant.

Mark L. Figura, Asst. Atty. Gen., Anchorage, Harold M. Brown, Atty. Gen., Juneau, for appellee.

Andrew E. Hoge, Hoge and Lekisch, Anchorage, for intervenor Matanuska Telephone Ass'n., Inc.

C.R. Baldwin, Kenai, for intervenor Homer Elec. Ass'n., Inc.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

MATTHEWS, Justice.

This is an appeal by the City of Kenai from a decision of the superior court dismissing Kenai's appeal to that court from a decision of the Alaska Public Utilities Commission. The superior court found that Kenai was not a party to the Commission's proceedings, and therefore had no right to appeal. Homer Electric Association and Matanuska Telephone Association were parties to the Commission's proceedings, and both have been granted intervenor status in this appeal. Because Kenai has a legally recognized interest which was adversely affected by the Commission's action, and because Kenai sufficiently participated in the Commission's proceedings, we hold that Kenai has standing to obtain judicial review of the agency's action by means of an appeal. We therefore vacate the dismissal and remand the case to the superior court.

## I. FACTS AND PROCEEDINGS

In 1971, Homer Electric Association, by contract with the City of Kenai, assumed control of certain municipal utility facilities located within the City. Subsequent street construction required Homer Electric to relocate those utility facilities, but the City refused to reimburse it for the relocation expense. Homer Electric sought declaratory relief before the Commission to resolve the dispute according to the contract terms. The Commission declined to hear the contract dispute on jurisdictional grounds, but encouraged Homer Electric to file for a special tariff before the Commission to recover the expense either through a surcharge or through general rates.

Homer Electric filed for a tariff revision which provided for a surcharge to recover all costs associated with the relocation of electric facilities at a municipality's request when those costs are not paid by the municipality. The Commission issued a notice of

utility tariff filing, and three individuals and the City responded as interested parties with letters opposing the tariff. In "adamantly oppos[ing]" the tariff filing, the City argued that under common law, a utility has the duty to relocate its facilities at its own expense when public convenience or necessity so requires.

The Commission suspended the operation of the proposed tariff and scheduled a public hearing in view of the City's strong opposition to the filing. The Commission also "concluded that the City met the standards for intervention set forth in 3 AAC 48.110," and determined "that full-party intervenor status should be granted to the City." In its order suspending the tariff filing, scheduling a public hearing, and granting intervenor status to the City, the Commission stated that "[the utility] and the City should be prepared to answer [five] questions" relating to Homer Electric's proposed tariff revision.[1] The Commission also stated that if the City did not wish to be granted full-party intervenor status, it should notify the Commission.

In a letter to the Commission, the City formally declined the Commission's offer of full-party intervenor status. The letter stated:

> While the City of Kenai declines the Commission's grant of full party intervenor status in this proceeding, it does not wish to convey an impression of disinterest or lack of importance in this matter by the City of Kenai.
>
> The City's initial response ... consisting of six pages plus attachments set forth at length not only the City's policy position in this matter, but provided citation of statute and case law authorities in support of its position.

The City further observed that the Commission had already apparently decided that a municipality had the discretion to require a utility to pay for relocation expense. The City quoted from the Commission's letter to Homer Electric, in which the Commission declined to decide the contract dispute:

> The requirement to pay either a fee or relocation expense at the discretion of the municipality would seem to make a fee and relocation expense interchangeable concepts, so that the authority of a utility in AS 42.05.251 to recover fees from the customers in the municipality receiving the fees would seem to necessarily sanction the recovery of relocation expenses in the same manner.

Thus, in light of the earlier statement by the Commission to the utility, the City asserted that "[i]t would seem that the City's participation as a party in this matter may well be an unnecessary step for the Commission to formally order what has previously been decided."

On November 17, 1983, the Commission conducted a public hearing but the City did not appear or otherwise participate. The Commission issued its decision on January 11, 1985. The decision specifically considered the City's earlier arguments contained in the City's letter opposing the tariff revision.

Although the Commission recognized that the parties sought only an order from the Commission accepting or rejecting the proposed surcharge, the Commission found it necessary to preliminarily determine "the validity under AS 42.05 of the common law rule authorizing municipalities to compel without reimbursement relocation of utility facilities located within municipal rights-of-way." The Commission held that the prac-

---

1. The Commission directed the City to be prepared to answer the following questions:

(1) What is the nature of the facilities relocation costs which are the subject of [this order]?

(2) If facilities are relocated at the request of municipalities and the municipalities do not directly pay the costs of the relocations, how should the utility allocate those costs to its ratepayers?

(3) Does the answer to the preceding question vary according to circumstances associated with individual relocations? If so, how should these variations be reflected in a tariff format?

(4) How should the proposed [Municipal Facilities Relocation Cost Adjustment] affect previously uncollected municipal facilities relocation costs?

(5) Are municipalities the only entities to which the proposed surcharge should apply?

tice of municipalities directing unreimbursed relocations of utility facilities was unreasonable, thereby making the City liable for the relocation costs incurred by Homer Electric. The Commission also denied Homer Electric's request for a surcharge.

The City appealed the Commission's decision to the superior court explicitly relying on AS 42.05.551,[2] AS 44.62.560,[3] and Alaska Rule of Appellate Procedure 602.[4] The Commission moved to dismiss the City's appeal on the grounds that the City was not a party to the administrative proceedings and therefore had no right to appeal. Homer Electric joined in the motion to dismiss, and Matanuska Telephone submitted a statement of position supporting the Commission and Homer Electric.

The City opposed the motion to dismiss, and requested in the alternative declaratory relief pursuant to the Declaratory Judgment Act, AS 22.10.020(g),[5] and *Ketchikan Retail Liquor Dealers Association v. State, Alcoholic Beverage Control Board,* 602 P.2d 434, 440 n. 21 (Alaska 1979).

The superior court entered an order dismissing the case on the grounds that the City had no right of appeal because it was not a party. The City's motion for reconsideration was also denied. This appeal followed.

## II. KENAI'S STANDING TO APPEAL

■ Whether a party has standing to seek judicial review of an agency's decision following an evidentiary hearing, either by appeal or in a declaratory judgment action, is a question of law, reviewable *de novo.*

The judicial review provisions of the Administrative Procedure Act, AS 44.62.-560(a),[6] are made applicable to APUC proceedings by AS 42.05.551.[7] AS 44.62.560(a) does not specify who is qualified to obtain judicial review of administrative adjudications. Since the statute is silent on this point, the answer must be supplied by reference to other sources of law. This has already been accomplished in part in *Ketchikan Retail Liquor Dealers Association v. State, Alcoholic Beverage Control Board,* 602 P.2d 434 (Alaska 1979). In *Ketchikan,* we held that *parties* to an administrative hearing could appeal under AS 44.62.560(a), while expressly leaving open the question as to "whether a non-party may also have a right to appeal...." 602 P.2d at 439 n. 19. We referred to the statutory definition of party as "the agency, the respondent, and *a person,* other than an officer or an employee of the agency in his official capacity, *who has been allowed to appear in the proceeding."* AS 44.62.640(b)(4) (emphasis in text of quoted opinion, 602 P.2d at 440). It is evident that we construed the word "appear" to have the same general meaning as "participate" because we went on to quote with approval the following language from *Application of Bank of Rhame,* 231 N.W.2d 801, 808 (N.D.1975):

[A]ny person who is directly interested in the proceedings before an administrative agency who may be factually aggrieved by the decision of the agency, and who participates in the proceeding before

2. AS 42.05.551, Review and enforcement, provides in part:
   (a) All final orders of the commission [APUC] are subject to judicial review in accordance with AS 44.62.560—44.62.570 of the Administrative Procedure Act.

3. AS 44.62.560, Judicial review, provides in part:
   (a) Judicial review by the superior court of a final administrative order may be had by filing a notice of appeal in accordance with the applicable rules of court governing appeals in civil matters.

4. Alaska Rule of Appellate Procedure 602 provides for time and notice of appeals, and for bonds on appeal.

5. The parties refer to Alaska's Declaratory Judgment Act as AS 22.10.020(b). In 1984, subsection .020(b) was redesignated as subsection .020(g). *See* AS 22.10.020 (Supp.1986). AS 22.10.020(g) provides in part:
   In case of an actual controversy in the state, the superior court, upon the filing of an appropriate pleading, may declare the rights and legal relations of an interested party seeking the declaration, whether or not further relief is or could be sought.

6. AS 44.62.560(a) is set out in note 3, *supra.*

7. AS 42.05.551 is set out in note 2, *supra.*

such agency, is a "party" to any proceedings for the purposes of taking an appeal from the decision.

602 P.2d at 440.

■ The City of Kenai meets the test set out in *Bank of Rhame*, namely it (1) was directly interested in the proceedings, (2) was factually aggrieved by the decision, and (3) participated in the proceedings.

The City's participation is established by its opposition to the tariff filing of Homer Electric. This opposition fills more than fifty pages of the administrative record and contains citations to legal authorities and extensive arguments. Because of the City's opposition, the tariff was suspended and a public hearing was scheduled. Although the City declined formal party intervenor status and did not present witnesses or additional arguments at the hearing, it was understood, as stated by the Commission's presiding officer, to have "nonetheless stressed its opposition … and incorporated earlier written comments," which were in fact considered by the Commission. The issues presented by Kenai in its opposition constituted the focus of the public hearing and of the Commission's order that followed. This is sufficient participation to achieve "party" status for the purpose of standing to appeal from an administrative adjudication.[8]

We hold that the City of Kenai has standing to appeal the Commission's decision. We therefore vacate the superior court's dismissal of the City's appeal and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

---

**8.** *See also Mahuiki v. Planning Comm'n*, 65 Hawaii 506, 654 P.2d 874, 880 (1982) (standing upheld where a person whose legitimate interest is injured by agency action participates as an adversary—appellants had submitted letters against proposed agency action which were received as part of record); *Alfred I. duPont School Dist. v. Delaware Alcoholic Beverage Control Commission*, 343 A.2d 600, 604 (Del.1975) (under Delaware statute, when one becomes a party to the record, either by protest received into evidence or formal appearance in person or by representative, that person becomes formal "party to hearing"); *compare Model State Administrative Procedure Act* § 5–106, 14 U.L.A. (Supp.1986) (a person to whom agency action is specifically directed, a person who was a party to agency proceeding, or a person otherwise aggrieved or adversely affected has standing to obtain judicial review of agency action).