**Wayne SCHOUTEN and Roy Roberts, Appellants,**

v.

**STATE of Alaska, Appellee.**

**Nos. A–8432, A–8433.**

Court of Appeals of Alaska.

Sept. 26, 2003.

Sean E. Brown, Angstman Law Office, Bethel, for Appellants.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

Wayne Schouten and Roy Roberts were charged (by citation) with taking a moose out of season; Schouten was also charged (by citation) with hunting without a valid license.[1] When no prosecutor or police officer appeared on behalf of the State at the defendants' scheduled arraignment, Magistrate Monte L. Brice dismissed the charges against the two defendants:

> *The Court:* [T]here is no one here representing the State. And it appears to me

that if the State was interested in prosecuting these matters, they would have had somebody here. And since they don't appear interested enough in prosecuting these cases to have someone here in court, I'm going to dismiss [these] cases for failure to prosecute.

> Now, that doesn't mean that you're going to get away with it again, because when [the authorities] learn that they lose their cases by not showing up, the next time they cite you, they're going to make sure [that] they're going to be here. So you folks need to understand that.

The defendants apparently understood Magistrate Brice to have dismissed the charges "with prejudice"—*i.e.*, with no possibility of re-filing. But later events cast doubt on the defendants' understanding of the magistrate's ruling.

Four days after the defendants' arraignment, after the State learned that the charges against the two defendants had been dismissed, the State again charged the defendants with taking the same moose out of season. The two defendants asked Magistrate Brice to dismiss the renewed charges. When he refused, the defendants entered *Cooksey* pleas of no contest, reserving their right to contest the State's re-filing of the charges.[2]

*The defendants' argument that Magistrate Brice dismissed the charges with prejudice*

The defendants' first argument is that Magistrate Brice dismissed the original charges with prejudice when no one from the State appeared at the arraignment. But when the defendants presented this contention to Magistrate Brice, the magistrate declared that he had not intended to dismiss the charges with prejudice:

> [My] remarks [at the defendants' original arraignment] were intended to constitute nothing other than a dismissal for failure to prosecute.... Nothing [said] at the original arraignment or set forth in the [later] written dismissals indicate[s] a clear

---

1.  5 AAC 85.045 and AS 16.05.330(a), respectively.

2.  *See Cooksey v. State,* 524 P.2d 1251, 1255–57 (Alaska 1974).

intent ... to bar ... future prosecution. [This was] exactly the opposite of [my] actual intent, which was to dismiss *without* prejudice.

"Memorandum and Order Denying Motions to Dismiss" (July 10, 2002), page 2 (emphasis in the original).

■ On appeal, the defendants argue that we must not take Magistrate Brice at his word. The defendants contend that the magistrate's original remarks clearly reveal his intention to dismiss the charges with prejudice—and that the remarks we have just quoted are simply the magistrate's "[after-the-fact] rationalization", an attempt to avoid the consequences of his original decision.

We do not agree. Magistrate Brice's remarks at the defendants' original arraignment are, at best, ambiguous on the issue of whether he intended to dismiss the charges with prejudice. Given this ambiguity, it was not improper for the magistrate to clarify what he meant.

■ Moreover, if Magistrate Brice had in fact intended to dismiss the charges with prejudice, this would have been an abuse of his discretion. Judges are authorized to dismiss criminal charges in the furtherance of justice. *See* Alaska Criminal Rule 43(c). But not every misstep or act of inattention on the part of the prosecuting authorities warrants dismissal. Although Magistrate Brice was properly concerned with the State's failure to send a representative to the defendants' arraignment, the State's inaction did not result in actual legal prejudice to the defendants.

Had the defendants wished, they could have gone forward with the arraignment, entered "not guilty" pleas, and asked the court to schedule a trial date. Instead, the defendants chose to accept the windfall of dismissal. But the State's failure to appear at the arraignment, and the consequent delay of a few days' time, did not prejudice the defendants' ability to defend the charges or disadvantage the defendants in any other substantive way. Under our decision in *State v. Jones*, 751 P.2d 1379 (Alaska App. 1988), it would have been an abuse of discre-

tion for Magistrate Brice to dismiss the charges with prejudice. *Id.* at 1382–83.

For these reasons, we conclude that the charges against the defendants were not dismissed with prejudice, at least not by judicial decision. But the defendants also argue that the charges were dismissed with prejudice by operation of law.

*The defendants' argument that, by reason of AS 12.20.020 and AS 12.20.050, Magistrate Brice's dismissal of the charges barred the State from re-filing the charges*

The defendants' second argument is that, regardless of whether Magistrate Brice intended to dismiss the charges with prejudice, his act of dismissing the charges had that effect as a matter of law. The defendants' argument is premised on two statutes, AS 12.20.020 and AS 12.20.050(a).

The first statute, AS 12.20.020, declares:

**When acquittal or dismissal is not a bar.** If ... the charge [against a defendant] is dismissed upon an objection to its form or substance, or discharged for want of prosecution, without a judgment of acquittal or in bar of another prosecution, it is not an acquittal of the crime and does not bar a subsequent prosecution for the same crime.

At first reading, this statute seemingly undercuts the defendants' argument that the State was barred from re-filing the charges against them. The statute declares that when a criminal charge is dismissed "for want of prosecution" (which was Magistrate Brice's stated basis for dismissing the charges against the defendants), the dismissal "does not bar a subsequent prosecution for the same crime" unless the dismissal is accompanied by "a judgment of acquittal or [a judgment] in bar of another prosecution". We have just concluded that Magistrate Brice did *not* issue a judgement "in bar of another prosecution" when he dismissed the charges at the defendants' original arraignment—and that, even had he intended to do so, his action would have constituted an abuse of discretion. Thus, AS 12.20.020 seems to say that, under the circumstances of this case, the State was empowered to re-file the charges.

But the defendants argue that the phrase "[judgment] in bar of another prosecution" is meant to constitute a cross-reference to another statute, AS 12.20.050(a)—a statute that specifies certain situations in which dismissal of a criminal charge *does* bar renewed prosecution as a matter of law. AS 12.20.050(a) reads:

> **Dismissal as bar.** (a) It is a bar to another prosecution for the same crime if the crime is a misdemeanor, but it is not a bar if the crime charged is a felony when a person is
>
> (1) held to answer to the grand jury and the court dismisse[d] the charge before the case [was] presented to the grand jury upon the motion of the prosecuting attorney; [or]
>
> (2) held to answer to the grand jury and the court dismisse[d] the charge because the indictment [was] not found against the person at the next session of the grand jury; or
>
> (3) indicted for a crime and the indictment is dismissed because the trial [was] not held within a reasonable period of time, there [was] not good cause shown for the delay, and the delay was not upon the application of the defendant or with the defendant's consent.

The defendants argue that, by inserting the phrase "[judgment] in bar of another prosecution" in AS 12.20.020, the Alaska Legislature intended to incorporate the provisions of AS 12.20.050(a)—so that, regardless of whether the judge's order of dismissal expressly states that the charge is being dismissed "with prejudice", the dismissal will automatically be "with prejudice" in any of the circumstances described in AS 12.20.050(a).

Although the defendants' construction of AS 12.20.020 seems plausible, we need not decide whether it is true—because the issue is moot. As we are about to explain, even if AS 12.20.020 does incorporate the provisions of AS 12.20.050(a), none of those provisions barred the State from re-filing the charges against the defendants in this case.

The defendants and the State differ sharply in their construction of the introductory clauses of AS 12.20.050(a): "It is a bar to another prosecution for the same crime if the crime is a misdemeanor, but it is not a bar if the crime charged is a felony when ...". The defendants assert that these introductory clauses should be interpreted in this manner:

> [Dismissal] is a bar to another prosecution for the same crime if the crime is a misdemeanor, but it is not a bar if the crime charged is a felony when ...

The State, on the other hand, asserts that these introductory clauses should be interpreted as follows:

> It is a bar to another prosecution for the same crime if the crime is a misdemeanor, but it is not a bar if the crime charged is a felony[,] when ...

In other words, the State argues that the statute means, "Any of the three circumstances listed below constitutes a bar to further prosecution if the crime is a misdemeanor, but not if the crime is a felony".

We agree with the State's construction of the statute for two reasons.

First, the defendants' construction of the statute rests on the notion that the title and the text of the statute should be run together, forming a single linguistic unit: "Dismissal ... is a bar to another prosecution". This violates the principle that the section headings and captions of statutes are not part of the law. *See* AS 01.05.006; *Denuptiis v. Unocal Corp.*, 63 P.3d 272, 278 n. 15 (Alaska 2003); *Ketchikan Retail Liquor Dealers Ass'n v. Alcoholic Beverage Control Board*, 602 P.2d 434, 438 (Alaska 1979).[3]

Second, and more importantly, the defendants' construction of the statute is inconsistent with the legislature's intent. When we examine the statutory antecedents of AS 12.20.050(a), it is clear that the statute means what the State suggests: In any of the three circumstances listed in the statute, the dismissal of a criminal charge will constitute a

---

**3.** The one exception is that the section headings within the Uniform Commercial Code, AS 45.01, *are* parts of the code. *See* AS 45.01.109.

bar to further prosecution if the crime is a misdemeanor, but not if the crime is a felony.

AS 12.20.050(a) began life 140 years ago. Our statute is derived from four provisions of the code of criminal procedure adopted by the Oregon legislature in 1864 and later codified as §§ 1523, 1524, 1527, and 1529 of Hill's Annotated Laws of Oregon. These four Oregon statutes dealt with various circumstances in which a criminal charge might be dismissed, and the effect of that dismissal on the government's authority to re-file the charge.

When, in March 1899, Congress enacted a code of laws to govern the Alaska Territory, they included these same four provisions. In the Carter Code of 1900[4], these four provisions are numbered §§ 257, 258, 261, and 263 of the Code of Criminal Procedure. In the 1913 Compiled Laws of the Territory of Alaska, these same four statutes were carried forward, *verbatim,* as §§ 2366, 2367, 2370, and 2372.

When, at the direction of the Alaska Territorial Legislature, Alaska law was recodified in 1933, the four statutes were again carried forward, this time with added section headings: *see* 1933 CLA, §§ 5441, 5442, 5445, and 5448. In addition, the 1933 recodification included a fifth related statute, § 5446, that had been added by the territorial legislature in 1925.[5]

In 1949, when Alaska territorial law was recodified for the last time before statehood, the original four statutes and the newcomer fifth statute were once more carried forward—this time, as components of Title 66, Chapter 18, Article 2. *See* 1949 ACLA,

§§ 66–18–11, 66–18–12, 66–18–13, 66–18–16, and 66–18–18.

Here is how these five statutes read from 1949 until 1962 (when they were superseded by AS 12.20.050(a)):[6]

§ **66–18–11. Dismissal before presenting case to grand jury: Order.** That any criminal case in the courts of the Territory of Alaska in which any person has been held to answer to the Grand Jury on any criminal charge may be, by the District Court upon motion of the United States Attorney or any of his assistants, dismissed before presentation of the case to the Grand Jury, and the defendant so held to answer discharged, and such dismissal of the case and discharge of the defendant shall have the same effect as though the case were dismissed after indictment had been found and returned; but in case of the dismissal of a proceeding and the discharge of a defendant as herein provided, the reasons for the dismissal must be set forth in the order, which must be entered in the journal.

§ **66–18–12. Dismissal for delay: Delay in finding indictment.** That when a person has been held to answer for a crime, if an indictment be not found against him at the next term of the court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown.

§ **66–18–13. Delay in trial.** That if a defendant, indicted for a crime, whose trial has not been postponed upon his application or by his consent, be not brought to

---

4. Thomas H. Carter, *The Laws of Alaska* (Callaghan and Company 1900).

5. *See* SLA 1925, ch. 6, § 1.

6. All five of these provisions begin with the word "that". The origin of this grammatical construction is apparently found in the 1899 federal statute that created the Alaska Penal Code. The federal statute began with these words: *"Be it enacted by the Senate and the House of Representatives of the United States of America in Congress assembled ... ".* *See* Thomas H. Carter, *The Laws of Alaska,* page 1. As a consequence, almost every provision of the code began with the word "that".

When, at the direction of the Alaska Legislature (*see* SLA 1933, ch. 126), Henry Roden and his fellow members of the Law Revision Board re-codified the laws of Alaska in 1933, they removed the "that"s from these statutes. *See* 1933 CLA, §§ 5441, 5442, 5445, and 5448. In his prefatory "Certificate" to the 1933 codification, Mr. Roden explained that "[i]n codifying and editing these laws, [he had] made some changes, merely verbal, without changing the original intent of the law."

But despite Mr. Roden's commendable efforts, the "that"s sneaked back into these five statutes when the laws of Alaska were recodified in 1949. *See* 1949 ACLA, §§ 66–18–12, 66–18–13, 66–18–16, and 66–18–18.

trial at the next term of the court in which the indictment is triable after it is found, the court must order the indictment to be dismissed, unless good cause to the contrary be shown.

**§ 66–18–16. Dismissal in furtherance of justice: Order.** That the court may, either on its own motion or upon the application of the United States attorney, and in furtherance of justice, order an action, after indictment, to be dismissed; but in that case the reasons of the dismissal must be set forth in the order, which must be entered in the journal.

**§ 66–18–18. Dismissal as bar to another prosecution.** That an order for the dismissal of a charge or action, as provided in this article, is a bar to another prosecution for the same crime, if it be a misdemeanor, but it is not a bar if the crime charged be a felony.[7]

In this 1949 formulation of the law, the wording of § 66–18–18 (the "dismissal as bar" statute) is unambiguous, and this unambiguous wording supports the State's interpretation of our current statute. 1949 ACLA § 66–18–18 declares that if a criminal charge is dismissed "as provided in this article"—*i.e.*, if it is dismissed for one of the reasons specified in the preceding statutes—then "the order [of] dismissal ... is a bar to another prosecution for the same crime if [the crime] be a misdemeanor, but it is not a bar if the crime charged be a felony". This is precisely the construction that the State would give to our current statute, AS 12.20.050(a).

When our state legislature enacted a new code of criminal procedure in 1962 (*see* SLA 1962, ch. 34, § 1.15), they combined four of these five pre-existing statutes into one new statute—AS 12.20.050(a). The four source statutes are easily identified in the new stat-ute. The introductory language of AS 12.20.050(a) corresponds to § 66–18–18:

It is a bar to another prosecution for the same crime if the crime is a misdemeanor, but it is not a bar if the crime charged is a felony when a person is ...

AS 12.20.050(a) then lists three circumstances in which a court may dismiss a criminal charge. Subsection (1) of the statute corresponds to former § 66–18–11; this subsection authorizes dismissal of a criminal charge at the behest of the government, after the defendant has been held to answer but before the grand jury has considered the case. Subsection (2) of the statute corresponds to former § 66–18–12; this subsection authorizes dismissal of a criminal charge when the defendant is held to answer but no indictment is returned against the defendant at the next session of the grand jury. Finally, subsection (3) of the statute corresponds to former § 66–18–13; this subsection authorizes dismissal of a criminal charge if the defendant is not brought to trial within a reasonable amount of time, unless there is good cause for the delay or the delay was requested by, or granted with the consent of, the defendant.

(The fifth and remaining provision of the 1949 code, § 66–18–16, has no counterpart in the 1962 recodification of the statutes. 1949 ACLA § 66–18–16 authorized the court to dismiss a criminal charge after the defendant was indicted, if the dismissal was "in furtherance of justice"; the statute also declared that the court could order such a dismissal "either on its own motion or upon the application of the United States attorney". Although § 66–18–16 did not become a part of the recodified statutes in 1962, it survived as Alaska Criminal Rule 43(c).[8])

Because AS 12.20.050(a) is so obviously drawn from the four predecessor statutes— 1949 ACLA §§ 66–18–11, 66–18–12, 66–18–

---

7. The 1949 version of this provision, § 66–18–18, uses the word "article"—to wit, "as provided in this article". All prior versions of this statute used the word "chapter". This word was changed because all of the pertinent statutes were part of the same chapter in Alaska's earlier codes (*e.g.*, Chapter 29 of the Carter Code) but, in the 1949 recodification, these statutes were collected in Article 2 of Chapter 18, Title 66.

8. Criminal Rule 43(c) states: "**[Dismissal] In Furtherance of Justice.** The court may, either on its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action, after indictment or waiver of indictment, to be dismissed. The reasons for the dismissal shall be set forth in the order."

13, and 66–18–18—we conclude that the legislature intended AS 12.20.050(a) to serve as a restatement of those four prior statutes. And in particular, because the introductory language of AS 12.20.050(a) is drawn from 1949 ACLA § 66–18–18, we will interpret that introductory language to mean the same thing as 1949 ACLA § 66–18–18.

■ As we have already noted, 1949 ACLA § 66–18–18 answers the question of statutory construction that divides the parties in the present case. This statute declared that dismissal of a criminal charge under any provision of Article 2, Chapter 18, Title 66—*i.e.*, dismissal under §§ 66–18–11, 12, 13, or 16—"[was] a bar to another prosecution for the same crime, if [the crime was] a misdemeanor, but [was] not a bar if the crime charged [was] a felony". This confirms the State's interpretation of the debated language in our current statute, AS 12.20.050(a): if a court dismisses a criminal charge under any of the three circumstances listed in AS 12.20.050(a), this dismissal constitutes a bar to further prosecution if the crime is a misdemeanor, but not if the crime is a felony.

For these reasons, we reject the defendants' suggested interpretation of AS 12.20.050(a) and adopt the State's interpretation.

The remaining question is whether AS 12.20.050(a), so interpreted, forbids the State from continuing to prosecute the defendants.

The defendants are charged with a misdemeanor. Thus, if any of the three subsections of AS 12.20.050(a) applies to their case, the dismissal of the original charges will constitute a bar to further prosecution. But none of the three subsections is applicable here. Subsections (1) and (2) apply only to defendants who have been "held to answer to the grand jury", while subsection (3) applies only to defendants who have been "indicted".

To judges and lawyers who did not practice criminal law when Alaska was a territory, it may seem strange for the legislature to have enacted a statute in 1962 dealing with cases in which a defendant has been "held to answer" or "indicted" for a misdemeanor. Nowadays, defendants are rarely indicted for a misdemeanor, since misdemeanors can be prosecuted by complaint. Moreover, there is currently no recognized procedure for holding someone to answer for a misdemeanor: under Alaska Criminal Rules 5(e) and 5.1, the only defendants who are "held to answer" are those charged with felonies.

But ever since the earliest days of Alaska law, grand juries have been (and remain) empowered to "inquire into all crimes committed or triable within the jurisdiction of the court" (including misdemeanors), and a grand jury can indict a defendant regardless of whether the defendant has previously been held to answer.[9] And although there is apparently no current procedure for holding a misdemeanor defendant to answer to the grand jury, Alaska's former statutes authorized a magistrate to hold a person to answer to the grand jury for any crime.[10]

The law was apparently similar for several years after statehood as well. Although Alaska Criminal Rule 5 now distinguishes between defendants who are charged with misdemeanors and defendants who are charged with felonies, the original version of Criminal Rule 5(c) declared that *no defendant* should be "called upon to plead" when they appeared before a magistrate; instead, the magistrate's duty (in all cases) was to decide whether the defendant should be held to answer.[11] Currently, Criminal Rule 5(e) reserves this type of procedure for felony defendants, while Criminal Rule 5(f) and District Court Criminal Rule 1 prescribe a dif-

**9.** A grand jury can indict for any crime (listed here in reverse chronological order): AS 12.40.030; 1949 ACLA § 66–8–21; 1933 CLA § 5177; 1913 CLA § 2122; Carter Code (1900), Criminal Procedure, § 13.

A grand jury can indict a defendant regardless of whether the defendant has been held to answer (again, listed in reverse chronological order): AS 12.40.050; 1949 ACLA § 66–8–22; 1933 CLA § 5178; 1913 CLA § 2123; Carter Code (1900), Criminal Procedure, § 14.

**10.** *See* 1949 ACLA §§ 66–6–1 through 66–6–33; 1933 CLA §§ 5771–5802; 1913 CLA §§ 2408–2439; Carter Code (1900), Criminal Procedure, §§ 299–330.

**11.** *See* Supreme Court Order No. 4 (effective October 4, 1959).

ferent procedure for misdemeanor defendants—requiring the magistrate to ask the defendant to enter a plea, and also requiring the magistrate to set a date for the defendant's trial. But our current procedures were not enacted until 1973, when the supreme court rewrote Criminal Rule 5 and District Court Criminal Rule 1.[12]

Thus, even though AS 12.20.050(a) may not apply to many misdemeanor charges these days, this is only because our criminal procedures have changed since the statute was formulated. The statute continues to mean what it says: the restrictions on further prosecution of misdemeanors apply only when the defendant has been held to answer or has been indicted. *See State v. Reinhart,*

26 Or. 466, 38 P. 822, 824 (1895) (adopting the same interpretation of the ancestral Oregon statute, Hill's Annotated Laws of Oregon § 1529).

We therefore hold that AS 12.20.050(a) did not bar the State from re-filing the charges against the defendants in this case. Accordingly, the judgements of the district court are AFFIRMED.

---

**12.** *See* Supreme Court Order No. 157 (effective February 15, 1973).